Martha Thompson appeals the judgment of the Adams County Court of Common Pleas, Juvenile Division, in which her three children were found to be dependent. She assigns the following errors:
 I. "The trial court erred as a matter of law when it failed to appoint counsel for Martha Thompson who was indigent and otherwise entitled to the appointment of counsel."
 II. "The Clerk of Courts' adjudication of Martha Thompson's request for the appointment of counsel was beyond the Clerk's ministerial authority, was void, and without the force or effect of law."
 III. "The trial court erred as a matter of law and abused its discretion by failing to independently adjudge Ms. Thompson's right to appointment of counsel."
 IV. "The trial court's failure to order the return (sic) Martha Thompson's children at the conclusion of the shelter care hearing was unlawful and, therefore, against the manifest weight of the evidence."
 V. "The trial court's finding that the Adams County Children's Services had satisfied Juvenile Rule 27(B) (1) and O.R.C. § 2151.419
was unlawful and against the manifest weight of the evidence."
 VI. "The trial court erred as a matter of law in accepting Martha Thompson's statements as an admission of liability."
On July 22, 1997, appellant discovered that her two children, Tashia, age six, and Stephanie, age three, and two equally young children that she was babysitting, were not in her home. She left her daughter, fourteen-month-old Beverly, home alone to search for the four other children. The four ended up at a neighbor's home approximately one-half mile away. This neighbor went to appellant's home and after there was no answer, called appellee, Adams County Children Services (ACCS), who found appellant wandering on the road.
The trial court granted an ex parte order to ACCS for temporary custody of appellant's three children, Tashia, Stephanie, and Beverly. ACCS then filed complaints alleging that the children were neglected. A magistrate conducted a hearing on the ex parte order and an initial appearance on the complaint. The following exchange took place during that hearing:
 THE COURT: Okay. Well, Ma'am, what the court believes would be appropriate is to enter a denial today and, uh, do you have funds with which to hire an attorney? MS. THOMPSON: If I can get an attorney. THE COURT: I'm sorry. MS. THOMPSON: I can get one. THE COURT: Okay.
* * *
 THE COURT: * * * what we'll do is enter a denial on your behalf and you can have time to get your own attorney. If it turns out that you have difficulty doing that and you can't afford to have an attorney, then you need to contact the court immediately. Do you understand that? And, can you remember to do that? MS. THOMPSON: Uh huh.
On August 28, 1997, the trial court held a hearing on the issue of temporary custody. The following exchange took place at the beginning of the hearing:
 THE COURT: Okay, so those parties are present. I notice mam that you do not have an attorney here, uh can you tell us what happened about that? MARTHA THOMPSON: Uhm, I couldn't afford one they wanted $1,000.00 to a $2,000.00 retainer and I called up here and they said something about by (sic) gross income or something I didn't meet the requirements. THE COURT: Okay, are you ready to go forward today then? Mam you need to verbalize your answer. MARTHA THOMPSON: Oh, yes your honor.
Pursuant to an agreement, appellant admitted that her children were dependent and the prosecutor amended the complaint to allege dependency rather than neglect. After the children were found to be dependent, the trial court allowed the prosecutor to inquire as to appellant and her husband's ability to pay child support to the children's grandmother, who had been awarded custody. This testimony revealed that appellant was not employed and had been receiving public assistance when the children were in her custody. Appellant's husband was employed working forty hours per week at $5.50 per hour.
Initially, we consider whether this appeal is moot because appellant admitted during oral argument and in court-ordered briefs that she has regained custody of her children. It is the duty of this court "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions * * *." State ex rel. Jennings v.Noble (1990), 49 Ohio St.3d 71, 74, citing Miner v. Witt
(1910), 82 Ohio St. 237, 238-9. An appeal may not be moot if there are collateral consequences to the judgment being appealed. See McDuffie v. Berzzarins (1975), 43 Ohio St.2d 23;State v. Wilson (1975), 41 Ohio St.2d 236; State v. Golston
(1994), 71 Ohio St.3d 224. Appellant is prevented from being employed in certain day-care employment because her children have been found to be dependent. See, R.C. 5104.09(A)(3). The determination may also affect the dependency status of any other children appellant may have. See R.C. 2151.04. Furthermore, a finding of dependency, coupled with a temporary disposition of custody to a children's services agency, is reviewable. See In re Murray (1990), 52 Ohio St.3d 155, syllabus. If such a finding is rendered moot because six months or a year after a parent has been deprived of custody, it is restored, then the reviewability of such findings is compromised given the possible length of the appeals process. Thus, we hold that this appeal is not moot.
In her first assignment of error, appellant argues that the trial court erred by failing to appoint counsel for her. In so doing, she alleges that the trial court failed to determine whether appellant was indigent.
Although the United States Constitution does not require the appointment of counsel to indigent parties to all juvenile court proceedings, Ohio, through R.C. 2151.352, provides a statutory right to appointed counsel that goes beyond federal constitutional requirements. State ex rel. Asberry v. Payne
(1998), 82 Ohio St.3d 44, 46. R.C. 2151.352 provides:
 A child, his parents, custodian or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120 of the Revised Code. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person. * * *
Our interpretation of this section imposes a mandatory duty upon the trial court to ascertain whether or not a party is indigent. See In re Rushing (Nov. 12, 1981), Lawrence App. No. 1518, unreported. The record in Rushing revealed that the trial court did not have sufficient information to determine whether the appellants were indigent and failed to obtain that information before denying them court appointed counsel. We held that the trial court erred by failing to inquire about whether the appellants were indigent.
The record in this case indicates that the trial court asked if appellant had "the funds with which to hire an attorney," but did not inquire as to whether she was indigent. Appellant testified that she had "called up here and they said something about by (sic) gross income or something I didn't meet the requirements." The trial court made no effort to clarify this vague statement. Further, it is clear from the record that the trial court did not have sufficient information before it to determine whether appellant was indigent.
We note that there is nothing preventing the trial court from delegating its duty and authority to gather the information necessary to determine whether an individual is indigent. However, there must be sufficient information in the record on which the trial court can rely in determining if a person is indigent. For example, if, as the parties allege in their briefs, the trial court has instructed the clerk of courts to gather the necessary information, the trial court still has the duty to review that information and determine for itself whether an individual is indigent.
Appellee argues that the trial court had no duty to ascertain whether appellant was indigent because she never requested court-appointed counsel after assuring the trial court that she would hire counsel or call the court if she could not. Implicit in appellant's statement that she had called "up here" and "they" had told her she was "not eligible" was a request for court-appointed counsel. Even if she did not, in fact, call the clerk to request court-appointed counsel, the statement in and of itself was enough to place the burden on the trial court to determine her eligibility for court-appointed counsel.
Appellee further argues that appellant suffered no prejudice as a result of proceeding pro se because at a subsequent hearing, she was represented by two attorneys and temporary custody of the children was continued in appellee. There is nothing in the record to indicate why temporary custody was continued in appellee. Furthermore, as discussed supra,
appellant has suffered real and detrimental consequences as a result of her children being found to be dependent.
Accordingly, the trial court erred in failing to determine whether appellant was indigent once she requested court-appointed counsel. We reverse the judgment of the trial court based upon this error. See Wright v. Smith (Jan. 1, 1989), Ross App. No. 1475, unreported.
The remainder of appellant's assignments of error are rendered moot. See App.R. 12.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Stephenson, P. J. and Abele, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.