## IN RE TRAVIS CHILDREN.

[Cite as *In re Travis Children* (1992), 80 Ohio App.3d 620.]

Court of Appeals of Ohio,
Stark County.

No. CA–8911.

Decided Dec. 29, 1992.

*Edith M. Hough,* for appellee.

*Sharon Dieringer* and *Gust Goutras,* for appellants.

SMART, Judge.

These are two appeals from a judgment of the Court of Common Pleas of Stark County, Juvenile Division, that terminated the parental rights of appellant Tammy Travis ("mother"), the mother of five minor children ages three, four, five, six and seven. The maternal grandmother, appellant Mary Buckridge ("grandmother"), intervened as a party hereto. The father is not a party to this appeal.

The record indicates that on November 9, 1989, the Stark County Department of Human Services ("SCDHS") filed a complaint alleging that all five children were neglected. On January 29, 1990, the trial court held an adjudicatory hearing and found the children to be neglected. The trial court continued temporary custody with SCDHS. On February 7, 1990, the children were placed with the biological parents with protective supervision by SCDHS, which continued to have temporary custody. On May 31, 1990, the trial court held a review hearing in which it terminated the protective supervision and removed the children from the physical custody of the biological parents. The trial court once again granted temporary custody to SCDHS. On July 13, 1990, the trial court held a review hearing and granted SCDHS' oral motion for extension of temporary commitment, to remain in effect until certain investigations were completed. On April 19, 1991, SCDHS filed its first written motion for extension of the order granting temporary custody. On May 22, 1991, the trial court sustained that motion and enlarged the period of temporary custody for six months, or until November 20, 1991. On October 15, 1991, SCDHS filed a motion to modify temporary custody to permanent custody.

Appellant mother assigns six errors to this court:

Assignment of Error No. I: `

"The trial court erred by sustaining the agency's motion for permanent custody which was not timely filed as expressly mandated by R.C. 2151.-415(A)."

Assignment of Error No. II:

"The appellant was prejudicially deprived of her Ohio constitutional right to a fair trial due to the ineffective assistance of appointed counsel."

Assignment of Error No. III:

"The trial court erred by sustaining the motion to terminate the appellant's parental rights because the trial court lacked jurisdiction as a matter of law."

Assignment of Error No. IV:

"The trial court erred by sustaining the written motion to extend temporary custody which was filed on April 19, 1991 because the trial court was without jurisdiction."

Assignment of Error No. V:

"The trial court erred in sustaining the agency's motion to continue temporary custody which was filed on April 19, 1991, in that said motion was not timely filed as required by R.C. 2151.415(A)."

Assignment of Error No. VI: `

"The trial court abused its discretion and committed prejudicial error when the court denied the motion of Mary Buckridge, a suitable relative, for custody of the Travis children in violation of the 'best interest' standard."

Appellant grandmother assigns a single assignment of error to this court:

"The trial court abused its discretion and committed prejudicial error when they [*sic*] denied the motion of Mary Buckridge, a suitable relative, for custody of the Travis children in violation of the 'best interest' standard."

### Assignments of Error Nos. I, III, IV and V

R.C. 2151.353(F) states:

"Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section."

This statute is commonly referred to as the sunset provision, because if the juvenile court allows the sun to set on this critical date, *i.e.*, one year, the trial court loses authority to make orders concerning the custody of those

children, see *In re McCrary* (1991), 75 Ohio App.3d 601, 600 N.E.2d 347. The *McCrary* court actually held that the juvenile court loses jurisdiction over those children, *id.* at 607, 600 N.E.2d at 351. Technically, of course, the trial court retains jurisdiction over these children pursuant to R.C. 2151.353. However, its authority to make orders affecting their custody has expired and must be reinvoked. We conclude that a juvenile court loses jurisdiction over custodial matters concerning these children on the "sunset" date.

R.C. 2151.415 states in pertinent part:

"(A) Any public children services agency or private child placing agency that has been given temporary custody of a child pursuant to section 2151.353 of the Revised Code, not later than thirty days prior to the earlier of the date for the termination of the custody order pursuant to division (F) of section 2151.353 of the Revised Code or the date set at the dispositional hearing for the hearing to be held pursuant to this section, shall file a motion with the court that issued the order of disposition requesting that any of the following orders of disposition of the child be issued by the court:

" * * *

"(6) In accordance with division (D) of this section, an order for the extension of temporary custody.

" * * *

"(D)(4) No court shall grant an agency more than two extensions of temporary custody pursuant to division (D) of this section."

Thus, the Revised Code intends that the juvenile court grant no more than two extensions of time of six months each, for a total of two years that these children may remain in the temporary custody of the department.

As the mother of the children points out in her brief, assuming *arguendo*, that the oral motion sustained by the trial court on July 10, 1990 may be considered to be properly filed in compliance with the Revised Code, the trial court extended the sunset date for these children until May 9, 1991. Further assuming *arguendo* that the written motion filed by the SCDHS on April 19, 1991 was proper and in compliance with the Revised Code provisions, the trial court extended the sunset date until November 9, 1991, twelve months after the initial sunset date of November 9, 1990, which is one year after the complaint was filed and the children placed in shelter care. Thus, the trial court could not extend temporary custody until November 20, 1991, but only to November 9, 1991, at the latest.

We conclude that SCDHS' motion to modify temporary custody to permanent custody had to be filed pursuant to statute by October 10, 1991. The motion was not filed until October 15, 1991. We conclude that the motion for

permanent custody was not timely filed, and that the juvenile court jurisdiction's over these children had expired.

The first, third, fourth and fifth assignments of error are sustained.

### Assignment of Error No. II

R.C. 2151.352 and Juv.R. 4(A) mandate that parents be represented by counsel in permanent custody cases. Likewise, the due process and equal protection clauses of the United States and Ohio Constitutions require that a parent be represented by effective assistance of counsel at all phases of the hearings concerning the permanent termination of parental rights, *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 15 O.O.3d 3, 399 N.E.2d 66.

In *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, the Supreme Court of the United States fashioned a two-prong test for determining whether a person had the effective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. The Ohio Supreme Court has adopted the *Strickland* test, see *State v. Lytle* (1976), 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623. The *Strickland* test has been applied to matters where the state has moved to permanently terminate parental rights, *Jones v. Lucas Cty. Children's Services Bd.* (1988), 46 Ohio App.3d 85, 546 N.E.2d 471.

The mother urges that her appointed counsel had a duty to object to the trial court's lack of jurisdiction to hear and rule on SCDHS' motion for permanent custody, which we have found to be filed out of time. Counsel neither objected nor moved to dismiss the motion for failure to comply with the statute and for lack of jurisdiction.

We find that failure to object to so fundamental a matter as jurisdiction must be considered ineffective.

The second assignment of error is sustained.

### Assignment of Error No. VI and Grandmother's Assignment of Error

We treat these two assignments of error together because they deal with the same issue.

SCDHS urges that the maternal grandmother does not have standing to intervene herein. However, even though the trial court did not make a journal entry indicating the grandmother was to be made a party, neverthe-

less, it permitted her to testify at the dispositional hearing and considered her request to have the children placed with her. For this reason, we find that the grandmother had standing to appeal.

The grandmother points to various places in the record wherein she presented evidence that she did attempt to involve herself in her grandchildren's lives, and did want custody of them. The trial court found that the grandmother did not attempt to take the children for temporary custody until she realized that there was a chance that her daughter was going to lose the children permanently. The court concluded that it was not impressed with her motivation in the matter.

R.C. 2151.28(B)(1) provides in pertinent part:

"The court shall determine whether there are any relatives of the child who are willing to be temporary custodians of the child. If any relative is willing to be a temporary custodian, the child otherwise would remain or be placed in shelter care, and the appointment is appropriate, the court shall appoint the relative as temporary custodian of the child, unless the court appoints another relative as custodian. If it determines that the appointment of a relative as custodian would not be appropriate, it shall issue a written opinion setting forth the reasons for its determination * * *."

Grandmother urges that the trial court abused its discretion when it found her not to be suitable. The Supreme Court has frequently defined abuse of discretion, particularly in matters relating to families and children. In the recent case of *In re Adoption of Ridenour* (1991), 61 Ohio St.3d 319, 574 N.E.2d 1055, the Supreme Court noted that the term "abuse of discretion" implies that "the trial court's attitude is unreasonable, arbitrary, or unconscionable." *Ridenour* at 320, 574 N.E.2d at 1057.

We have reviewed the record and find that although there was evidence presented that the grandmother did want these children, the trial court did not abuse its discretion in determining that it was in the best interest of the children not to give these children to the grandmother.

The sixth assignment of error of the mother, and the sole assignment of error of the grandmother are overruled insofar as their merits, but sustained insofar as the trial court lacked jurisdiction at that time to make such a determination.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Juvenile Division, is reversed, and the cause is remanded to that court for further proceedings in accordance with law and with this opinion.

*Judgment reversed*
*and cause remanded.*

GWIN, P.J., and MILLIGAN, J., concur.