DECISION
Appellant, Kyndra Combs, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, ordering that her son, Justen Combs, who was born June 17, 1994, be placed in the legal custody of appellee, Estel E. (aka Eugene/Gene) Madden.
Appellee is the maternal uncle of appellant. On December 2, 1997, appellee filed an amended complaint in the trial court, asserting that he feared for the physical safety and mental well-being of Justen and asked the court to grant him sole care, custody and control of the minor child.
On August 24, 1998, appellant filed a motion seeking permanent legal custody of Justen and requesting that all visitation rights of appellee be terminated.
A trial on appellee's complaint and appellant's motion was held before a domestic relations court magistrate who issued a written decision. The magistrate discussed appellant's uncontroverted failure to exercise fully her court-ordered visitation throughout the case; notably, after only a couple of days into a planned summer visitation scheduled to last approximately half the summer, appellant returned Justen to appellee's household. The magistrate also noted that, despite living only a few miles away, appellant did not actively participate in Justen's upbringing. The magistrate expressed concern as to the level of supervision in appellant's home based on the number of times Justen returned to appellee's home from visiting appellant with bite marks and bruises. The magistrate found it difficult to reconcile appellant's lack of visitation and commitment during the time the custody proceedings were pending with appellant's testimony.
The magistrate found that Justen had never lived for a substantial period of time in appellant's home and has known appellee's household as his home since he was very young. The magistrate also found that the atmosphere in appellee's household was loving, caring and appropriate for Justen. The magistrate added that he found many of the allegations leveled by both sides meritless. The magistrate determined that appellant had abandoned Justen and that it was in Justen's best interest to be placed in the legal custody of appellee. Thus, the magistrate ordered that Justen be placed in the legal custody of appellee, granted appellant visitation and ordered appellant to pay child support.
On March 26, 1999, the magistrate's decision was filed. Also on March 26, 1999, the trial court filed a judgment entry adopting and approving the magistrate's decision, unless specifically modified or vacated, and incorporated the order, which it found to have no error of law or defect on its face. No objections to the magistrate's decision were filed. Appellant filed a notice of appeal, pro se, from the March 26, 1999 judgment entry. Appellant subsequently filed a motion with this court for appointment of appellate counsel which this court granted.
Appellant presents the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR
 The trial court erred in holding that the mother's failure to pay her share of the GAL fee should be considered in deciding whether she should lose custody of her son to a non-relative.
 SECOND ASSIGNMENT OF ERROR
 The trial court erred in admitting exhibits that were not properly authenticated or were otherwise inadmissible.
 THIRD ASSIGNMENT OF ERROR
Appellant was denied effective assistance of counsel.
FOURTH ASSIGNMENT OF ERROR
 There was insufficient evidence to establish by a preponderance of the evidence that Appellant abandoned her children.
Juv.R. 40(E)(3)(a) provides that a party must file objections to a magistrate's decision within fourteen days of the filing of the magistrate's decision. On appeal, a party may not assign as error any finding of fact or conclusion of law that was not the subject of an objection filed pursuant to Juv.R. 40(E)(3)(b).
Appellant's first, second and fourth assignments of error address findings of fact and conclusions of law made by the court; because appellant failed to file any objections, she is precluded from raising these issues on appeal. In the Matter of:Young (Dec. 21, 1999), Franklin App. No. 99AP-489, unreported. Had appellant preserved these assignments of error for appeal, they would have failed on their merits.
As to appellant's first assignment of error, this court does not understand the magistrate's comments at issue to hold that appellant's failure to pay her court ordered share of the guardian ad litem's fees would be held against her when determining the custody issue. Rather, the magistrate indicated that he would infer from appellant's failure to contact the court and attempt to deal with the outstanding order that she may not follow future court orders. Regardless, presuming appellant's interpretation to be correct, the magistrate's order does not identify appellant's failure to comply with the order as a basis for his decision, and there is no other indication that appellant's failure to comply with the court's order was prejudicial to her. Thus, appellant's first assignment of error would have failed on the merits.
As to appellant's second assignment of error, this court has read the transcript and finds that any abuse of discretion by the trial court in admitting the contested evidence was not prejudicial to appellant, as much of the evidence contained in the exhibits was testified to by the witnesses. Accordingly, appellant's second assignment of error would have failed on the merits.
In her fourth assignment of error, appellant asserts there was insufficient evidence that she was an unsuitable parent because she had abandoned Justen.
In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a non-parent, such as in the present case, the trial court may not award custody to the non-parent unless it has made an initial finding that the parent is unsuitable. In other words, the court must first determine "that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." In re Perales (1977), 52 Ohio St.2d 89, syllabus. Thus, a court cannot award custody to a non-parent based on the child's best interest if it first has not found the parent unsuitable. Id. at 96. Although this standard balances the interests of the parent and child, it ultimately prioritizes the child's interests over the parents' paramount interest in having custody of their minor children. Id. at 98.
Whether a parent has abandoned a child is a question of fact that should not be disturbed as long as it is supported by some reliable, credible evidence. Reynolds v. Goll (1996),75 Ohio St.3d 121, 124. Because the trial court's personal observations of the parties cannot be fully conveyed in the written record, reviewing courts should give great deference to the trial court's findings in custody matters. Reynolds, at 124.
Significantly, appellant does not dispute the magistrate's findings of fact regarding the amount of time appellant allowed Justen to spend at appellee's home, or her infrequent visits in support of his conclusion that she abandoned Justen. In fact, appellant testified that, since Justen was one month old, the longest stretch of time he has spent with her was probably two weeks. Rather, appellant disputes that the findings are sufficient to establish that she abandoned Justen. Although appellant contends that her contribution to Justen's support extended beyond offering WIC supplies, as the magistrate found, her testimony indicates that she did not try to remunerate appellee and his wife, and that her additional contribution to the support of Justen at best consisted of buying him some outfits and shoes. Appellant also attempts to justify her actions and place responsibility for her behavior on appellee and his wife.
This court's review of the transcript, excluding consideration of evidence and testimony, the admissibility of which appellant has disputed in her second and third assignments of error, establishes that there was sufficient competent, credible evidence in support of the magistrate's findings that appellant contributed negligibly to the support of Justen and demonstrated a lack of interest and commitment to Justen. In turn, these findings support the magistrate's conclusion that appellant had abandoned Justen and was unsuitable.
Although appellant has attempted to put into question appellee's motives for seeking legal custody of Justen, the magistrate apparently did not find that appellee and his wife had improper motives for seeking custody of Justen. In light of the magistrate's opportunity to observe personally the parties and the absence of compelling evidence to the contrary, this court will not disturb the magistrate's finding that appellee and his wife provide a loving and caring home to Justen and that remaining there in the legal custody of appellee is in Justen's best interest.
Thus, appellant's fourth assignment of error would have failed on the merits.
In her third assignment of error, appellant asserts that she was denied effective assistance of trial counsel.
In all juvenile proceedings, Ohio provides a statutory right to appointed counsel on behalf of indigent children, parents, custodians, or other persons in loco parentis. R.C. 2151.35.2. State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44,48. Ohio courts have determined that the right to counsel in juvenile proceedings is the right to effective assistance of counsel, and that the test for ineffective assistance of counsel in criminal proceedings applies equally to juvenile proceedings.In re Travis Children (1992), 80 Ohio App.3d 620, 625; In theMatter of: Comer (Sept. 23, 1997), Franklin App. No. 96AP-1571, unreported; In the Matter of: Richardson (Aug. 19, 1987), Scioto App. No. CA 1674, unreported.
A two-prong test is used to determine whether a person has been deprived of her constitutional right to effective assistance of counsel. To succeed, a claim of ineffective assistance of counsel must establish that counsel's performance was deficient such that defendant did not have the benefit of counsel and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687; State v.Seiber (1990), 56 Ohio St.3d 4, 11. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."Strickland, at 694; Seiber, at 11. Challenged acts or omissions of trial counsel are given great deference and are presumed to fall within the wide range of sound trial strategy. State v.Sallie (1998), 81 Ohio St.3d 673, 674-675. Acts of omissions of trial counsel cannot constitute a basis for finding ineffective assistance of counsel unless they are shown to have been prejudicial. State v. Davie (1997), 80 Ohio St.3d 311, 332.
This court has found that, excluding from consideration all evidence and testimony appellant argues was admitted due to counsel's failure to object and admitted erroneously over counsel's objections, the record contains sufficient evidence in support of the trial court's finding that appellant has abandoned Justen, and that granting legal custody to appellee was in Justen's best interest. Nor does this court find that any of the testimony appellant has identified as improperly allowed into the record, either through defense counsel's omissions or acts, was of a quality that so prejudiced appellant or biased the magistrate against her that, but for this testimony, the magistrate would have construed the admissible testimony differently and found for appellant.
Accordingly, appellant's third assignment of error is overruled.
Based on the foregoing, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
LAZARUS and PETREE, JJ., concur.