DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, terminating the parental rights of Crystal C. and John M. and awarding permanent custody of Tammy M., born July 25, 2001, to appellee, Lucas County Children Services ("LCCS"). In its judgment, the trial court also denied the motion of Stella L., who is Tammy's great-grandmother, for custody of her great-granddaughter.
 {¶ 2} Tammy's natural parents do not appeal the juvenile court's judgment. Stella, however, appeals the denial of her motion for custody and asserts the following assignments of error:
 {¶ 3} "I. The trial court abused its discretion in denying appellant's motion for legal custody of Tammy without the requisite subject matter jurisdiction.
 {¶ 4} "II. The trial court abused its discretion in considering and acting on appellant's legal custody of Crystal [C.] as if its jurisdiction over such legal custody was not terminated.
 {¶ 5} "III. The trial court abused its discretion in exercising jurisdiction over appellant's legal custody of Crystal [C.] to deny appellant's motion for legal custody of Tammy [M.]"
 {¶ 6} At the time she became pregnant Crystal C. was 15 years old and in the temporary custody of LCCS. However, Crystal was a chronic "runaway" and had fled from her latest placement. She was later discovered living with the 27 year old legal (by formal acknowledgment pursuant to R.C. 3111.02, et seq.) father of her child and his mother in Lucas County, Ohio. When LCCS learned the whereabouts of Crystal, they removed her from that home. Crystal was placed in the legal custody of appellant in June 2001. At that time, appellant resided in Wood County, Ohio.
 {¶ 7} Tammy was born in Flower Hospital, Lucas County, Ohio. LCCS immediately sought and received an ex parte order of emergency temporary custody of the child. After leaving the hospital on a Friday, the baby went to appellant's home with her mother. At the shelter care hearing on the following Monday, it was determined that due to Crystal's intelligence level (an I.Q. of 54), her use of drugs, her relationship with the father and the high risk that she would take the baby and flee, Tammy should be placed in foster care. The child remained in foster care throughout the proceedings below.
 {¶ 8} LCCS filed a complaint in dependency and neglect and motion for permanent custody, which were dismissed due to time constraints. The agency then refiled its complaint alleging that Tammy was a dependent and neglected child and requesting permanent custody. Appellant was appointed counsel and subsequently filed her motion for custody of Tammy. The motion was heard in combination with the adjudication and disposition hearings on LCCS's complaint and motion for permanent custody. Neither of Tammy's parents appeared at the hearing. Even though appellant was still the legal custodian of Crystal, she had no idea as to the whereabouts of her granddaughter. It was believed, nonetheless, that despite a no contact order, Tammy's father was still in a relationship with Crystal.
 {¶ 9} In its judgment, the juvenile court found, as relevant to this appeal, that it would be in the best interest of Tammy to be in the permanent custody of LCCS. The court specifically noted that appellant was afraid of the child's father and did not trust him. The court further determined that because appellant still had legal custody of Crystal and hoped that her granddaughter would one day be able to care for her child, the possibility that Crystal might return to appellant's home and remove Tammy was a risk.
 {¶ 10} Appellant's Assignments of Error Nos. I, II and III are interrelated and shall be considered together.
 {¶ 11} All three of appellant's assignments of error are based upon the premise that the trial court lacked subject matter jurisdiction over Crystal. Assuming that this premise is true, appellant therefore argues that the court below "abused its discretion" in considering appellant's legal custody of appellant in denying her motion for custody of Tammy. We disagree.
 {¶ 12} First, there is no dispute in this cause that the Lucas County Court of Common Pleas had subject matter jurisdiction over the complaint in dependency and neglect and motion for permanent custody of Tammy. See R.C. 2151.23(A)(1) and (2).
 {¶ 13} Second, appellant did not hold any legally protectable interest in Tammy's care and custody. In Re Schmidt (1986),25 Ohio St.3d 331, 336; In Re Wood (June 28, 1999), Noble App. No. 240. Thus, she had no legal right to participate in the permanent custody proceedings. In re Schmidt, 25 Ohio St.3d at 336-337; In re Wood, supra.
 {¶ 14} Third, and only because the trial court did allow appellant to pursue her motion for custody of Tammy, the court could, as part of examining the best interest factors, consider the fact that appellant had legal custody of Tammy's mother and the possible effect of that situation. In re Travis Children (1992), 80 Ohio App.3d 620, 626. Whether or not the court had "subject matter" jurisdiction over Crystal was irrelevant to this consideration. Thus, the trial court did not abuse its discretion, that is, its attitude in deciding not to award custody of Tammy to appellant was not unreasonable, arbitrary or unconscionable. Id.
 {¶ 15} For all of the foregoing reasons, appellant's Assignments of Error Nos. I, II and III are found not well-taken.
 {¶ 16} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
Pietrykowski and Glasser, JJ., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.