OPINION
{¶ 1} Appellant, Christopher Florence, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, dismissing his Civ.R. 60(B) motion to set aside judgment in a permanent custody proceeding. We affirm the decision of the trial court.
 {¶ 2} In October 1998, although paternity was neither established nor formally acknowledged, appellant's parental rights were terminated and permanent custody of his alleged son, Arron Phillips, was granted to the Butler County Children's Services Board. Appellant was represented by appointed counsel in the proceeding but did not appear personally at the permanent custody hearing as he was incarcerated in Indiana.
 {¶ 3} Appellant alleges that he did not receive a copy of the decision terminating his parental rights until March 2002. This was apparently the result of his incarceration in various correctional institutions in Indiana and Kentucky. By this time Arron had been adopted.
 {¶ 4} On June 19, 2002, appellant filed a motion for leave to file a delayed appeal, which was denied by this court as such a remedy does not exist outside of the criminal context. See In re Bryant (May 1, 1991), Cuyahoga App. Nos. 58483, 58484, jurisdictional motion overruled,62 Ohio St.3d 1431. On February 5, 2003, appellant filed a "Petition to Vacate Judgment Pursuant to Coram Nobis." The trial court construed the petition as a Civ.R. 60(B) motion seeking to set aside the judgment granting permanent custody to the Butler County Children Services Board. The motion was dismissed by the trial court which concluded that appellant failed to present any ground for relief under Civ.R. 60(B), that appellant lacked standing in the matter since his parental rights had been terminated, and that the juvenile court no longer had jurisdiction over the matter since the child had been adopted.
 {¶ 5} On appeal, appellant alleges that the trial court erred by dismissing his petition to set aside judgment. The state counters that appellant, as a putative father, was not a party to the permanent custody proceeding, and therefore lacks standing to bring a Civ.R. 60(B) motion. The state further contends that appellant's motion fails to allege grounds justifying relief from judgment.
 {¶ 6} We disagree with the state's first assertion, that appellant lacks standing in this matter. Citing the definition of "party" in Juv.R. 2(Y), the state contends that a putative parent is not a "party" to a permanent custody proceeding and therefore lacks standing. This definition provides that a child's "parent or parents" are parties to juvenile proceedings. The rule makes no specific mention of putative parents, and the state cites no further authority for its proposition that a putative parent lacks standing in a permanent custody proceeding. To the contrary, an individual may have standing in a permanent custody proceeding where that person is permitted to participate in the proceeding, whether a named party or not. In re P.P., Montgomery App. No. 19582, 2003-Ohio-1051, citing In re Travis Children (1992),80 Ohio App.3d 620. Putative parents may likewise have standing in permanent custody proceedings. See, e.g., In re Ciara B., et al. (July 2, 1998), Lucas App. No. L-97-1264 (putative father had standing to appeal grant of permanent custody based on lack of service).
 {¶ 7} In the present matter, appellant was named in the permanent custody motion, was served with the pleadings, and participated in the proceeding through counsel. The state attempted to serve him with the decision terminating his parental rights. While we do not reach the question whether a putative parent always has standing in a permanent custody proceeding, we do find that in this case, appellant's participation in the proceeding gives him standing in the matter. Id.
 {¶ 8} We are equally dissuaded by the state's reliance on R.C.2151.414(F), which provides that a parent, whose parental rights have been terminated, ceases to be a party to the case. Citing this provision, the state contends that appellant lost standing once his parental rights were terminated. Logically, this provision can only be meant to operate prospectively, excluding the parents from future proceedings relating to the child, such as review hearings. As the provision specifically states, it does not operate to divest the parent of his right to appeal the permanent custody decision, nor does it operate to prevent the parent from otherwise challenging the validity of the judgment rendered in the proceeding to which he was a party.
 {¶ 9} Although we conclude that appellant possessed standing to bring a Civ.R. 60(B) motion in this matter, we find that the juvenile court lacked jurisdiction, and thus appropriately dismissed appellant's motion.
 {¶ 10} Pursuant to R.C. 2151.353(E)(1), the juvenile court retains jurisdiction over a child placed in the permanent custody of a county children's services agency, "until * * * the child is adopted and a final decree of adoption is issued." While the court may continue its jurisdiction beyond this time by filing a separate entry retaining jurisdiction, the juvenile court in the present case did not do so. Rather, in the present case, a final decree of adoption has been filed, and jurisdiction over the child, the adoption proceeding and related matters consequently rests with the probate division. See In re Moran
(Apr. 13, 1994), Hamilton App. Nos. C-920904, C-920944, C-920945, C-920946, C-920947, C-920948, C-920949, C-920950.
 {¶ 11} Further, appellant admittedly filed his Civ.R. 60(B) motion in lieu of a timely filed appeal of the termination of his parental rights. It is well-established that a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. See Doe v. Trumbull CountyChildren Services Board (1986), 28 Ohio St.3d 128, paragraph two of the syllabus.
 {¶ 12} Having concluded that the juvenile court was without jurisdiction to consider appellant's Civ.R. 60(B) motion, we need not reach the merits of appellant's motion. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.