[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 44.]

THE STATE EX REL. ASBERRY *v.* PAYNE, JUDGE.

[Cite as *State ex rel. Asberry v. Payne*, 1998-Ohio-596.]

*Mandamus to compel judge of common pleas court, juvenile division, to appoint counsel for relator in her juvenile court custody proceeding—Writ granted, when.*

(No. 97-1915—Submitted March 24, 1998—Decided May 20, 1998.)

IN MANDAMUS.

———————————

{¶ 1} In May 1984, Dale Spencer, Jr. ("Dale Jr.") was born. The Lawrence County Court of Common Pleas, Probate Division, took custody away from his biological mother, Karen Wilson. From 1984 until March or May 1997, Dale Jr. lived with relator, his maternal grandmother, Frances Asberry. In March or May 1997, Dale Jr. began living with his biological father, Dale Spencer, Sr. ("Spencer"). According to Asberry, she supported Dale Jr. from his birth until Spencer obtained custody of Dale Jr. by deception in 1997. Spencer and Dale Jr., however, claimed that Dale Jr. voluntarily left Asberry's residence because he was tired of her drinking, yelling, and swearing.

{¶ 2} In April 1997, Spencer filed a complaint in the Lawrence County Court of Common Pleas, Juvenile Division, requesting a judgment finding him to be the natural father of Dale Jr. Wilson failed to respond to Spencer's parentage action. Asberry did not receive notice of the parentage proceeding. In June 1997, respondent, Juvenile Division Judge David Payne, entered a judgment finding Spencer to be the natural father of Dale Jr. and awarding Spencer continued custody of Dale Jr.

{¶ 3} Asberry subsequently filed her own *pro se* petition in the juvenile court. She requested custody of Dale Jr. Asberry also requested the appointment

of counsel because she was unable to afford to hire an attorney. Asberry's sole income is $489 in monthly Social Security benefits. Wilson agreed that placement of Dale Jr. with Asberry would be in Dale Jr.'s best interest.

{¶ 4} At a pretrial hearing in Asberry's custody case, Asberry again requested an appointed attorney. Judge Payne denied Asberry's request by stating the following:

"In these kinds of cases we generally don't appoint counsel. This isn't something * * * As we say, 'Life or liberty at risk.' It's obviously a very important case, important circumstances and situation, but it's not one * * * where you have specifically a right to a lawyer, and it's not one obviously that you could be put in jail or where there's child support or something being put on your shoulders, and therefore it's not a case that we would routinely appoint counsel in."

{¶ 5} Asberry then contacted an attorney from the Southeastern Ohio Legal Services Program concerning her right to counsel in the juvenile court proceeding. On September 11, 1997, the attorney advised Judge Payne that if he did not appoint an attorney to represent Asberry, he would file an action for an extraordinary writ in this court. The attorney also requested a continuance of the juvenile court proceeding pending the writ action, but Judge Payne informed him that he would consider such a request only from Asberry or any attorney she hired to represent her in the custody proceeding. The attorney stated that he was not representing Asberry in her custody case.

{¶ 6} Judge Payne proceeded to conduct the hearing on September 11. After Asberry again requested an attorney and told the juvenile court that she was on disability and could not afford an attorney, Judge Payne again refused to appoint one because "[t]he court's policy * * * is not to appoint counsel in a custody case of this nature." On the same date as the custody hearing, Asberry, through attorneys from the Southeastern Ohio Legal Services Program and the Ohio State Legal Services Association, filed this action for a writ of mandamus to compel Judge

Payne to appoint counsel for her in the custody proceeding. Following the issuance of an alternative writ, Judge Payne issued an order designating Spencer as the legal guardian and residential parent of Dale Jr.[1] The parties filed evidence and briefs, and the Ohio Legal Assistance Foundation, the Association for Children for Enforcement of Support, Action Ohio, and the Ohio Domestic Violence Network filed an *amici curiae* brief in support of Asberry.

{¶ 7} The cause is now before this court for consideration of the merits of the petition for a writ of mandamus.

───────────────

*Southeastern Ohio Legal Services Program*, *Gary M. Smith* and *Mark J. Cardosi; Ohio State Legal Services Association* and *Thomas W. Weeks*, for relator.

*J.B. Collier, Jr.*, Lawrence County Prosecuting Attorney, and *Jeffrey M. Smith*, Assistant Prosecuting Attorney, for respondent.

*John S. Marshall*, urging granting of the writ for *amici curiae*, the Ohio Legal Assistance Foundation, the Association for Children for Enforcement of Support, Action Ohio, and the Ohio Domestic Violence Network.

───────────────

*Per Curiam.*

{¶ 8} Asberry asserts in her sole proposition of law that she is entitled to a writ of mandamus to compel the appointment of counsel for her in her juvenile court custody proceeding. In order to be entitled to the writ, Asberry must establish that she has a clear legal right to the appointment of counsel, that Judge Payne has a clear legal duty to appoint counsel for her, and that she has no adequate remedy

───────────────

1. Neither party asserts that this action is moot because of Judge Payne's entry. Asberry still might need counsel to effectively appeal Judge Payne's ruling. In addition, this action raises an important issue that is capable of repetition yet might evade review because a *pro se* litigant might not be fully aware of his or her legal right to appointed counsel. Cf. *Hughes v. Ohio Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 307, 681 N.E.2d 430, 432.

in the ordinary course of law. See *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192-1193.

{¶ 9} Although the United States Constitution does not require the appointment of counsel to indigent parties to all juvenile court proceedings, "[a] wise public policy * * * may require that higher standards be adopted than those minimally tolerable under the Constitution." *Lassiter v. Durham Cty. Dept. of Social Serv.* (1981), 452 U.S. 18, 33, 101 S.Ct. 2153, 2163, 68 L.Ed.2d 640, 654. Ohio, through R.C. 2151.352, provides a statutory right to appointed counsel that goes beyond constitutional requirements. *In re Mull* (Mar. 24, 1997), Seneca App. No. 13-96-38, unreported, at 5, 1997 WL 155412 ("This [R.C. 2151.352] statutory right to appointment of counsel expands beyond the federal and state constitutional requirements to afford the right to counsel at juvenile proceedings in general."); *In re Kriak* (1986), 30 Ohio App.3d 83, 84, 30 OBR 140, 140-141, 506 N.E.2d 556, 557. Asberry claims a clear legal right to the appointment of counsel in her custody proceeding under R.C. 2151.352. Judge Payne counters that R.C. 2151.352 does not afford indigent parties like Asberry the right to appointed counsel in custody actions brought by private persons in juvenile court.

{¶ 10} R.C. 2151.352 provides:

"*A* child, his parents, custodian, or other *person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code.* If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person. The court may continue the case to enable a party to obtain counsel or to be represented by the county public defender or the joint county public defender and shall provide counsel upon request pursuant to Chapter 120. of the Revised Code." (Emphasis added.)

**{¶ 11}** Judge Payne initially contends that R.C. 2151.352 does not confer a right to appointed counsel on Asberry because the phrase "pursuant to Chapter 120. of the Revised Code" limits the right to appointed counsel to those cases specified in R.C. 120.06(A). R.C. 120.06 provides for legal representation by county public defenders of indigent adults and juveniles charged with the violation of state statutes and municipal ordinances that could result in the loss of liberty. *State ex rel. Kura v. Sheward* (1992), 75 Ohio App.3d 244, 251, 598 N.E.2d 1340, 1345. For the following reasons, Payne's contention is meritless.

**{¶ 12}** First, statutory interpretation of R.C. 2151.352 does not support Judge Payne's assertion that the right to appointed counsel in R.C. 2151.352 is limited by R.C. 120.06. The paramount consideration in construing statutes is legislative intent. *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 340, 673 N.E.2d 1351, 1353. In determining legislative intent, we must first review the language of the statutes in dispute. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997. To the extent that R.C. 2151.352 and R.C. Chapter 120 both involve the right to counsel for indigent persons, they involve the same subject matter and should be construed *in pari materia*, giving full force and effect to both. *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 227, 685 N.E.2d 754, 758. Applying these standards, it is evident that the phrase "pursuant to Chapter 120. of the Revised Code" does not limit the circumstances in which a person is entitled to appointed counsel under R.C. 2151.352; it instead incorporates statutory procedures to provide appointed counsel. Adoption of Judge Payne's construction would render R.C. 2151.352 superfluous.

**{¶ 13}** Second, interpretation of R.C. 2151.352 to restrict the right to appointed counsel to the cases specified in R.C. 120.06 does not comport with our statutory duty under R.C. 2151.01(D) to construe R.C. Chapter 2151 to ensure parties a fair hearing at which their legal rights are recognized and enforced.

**{¶ 14}** Third, Judge Payne's interpretation of R.C. 2151.352 conflicts with precedent. In *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 126-127, 20 O.O.3d 121, 123, 420 N.E.2d 116, 118-119, this court expressly held that the right to appointed counsel under R.C. 2151.352 is not limited to the proceedings specified in R.C. 120.16(A):

"Since R.C. 120.33 provides for the appointment by the court of private counsel in only those proceedings which are specifically provided for in R.C. 120.16(A), the former section alone would not provide relators * * * with the right to court-appointed counsel; neither relator is charged with a 'serious offense' or involved in a proceeding which may result in the loss of liberty. *R.C. 2151.352, however, specifically makes all juvenile proceedings, in which a party is found to be indigent, subject to the provisions of R.C. 120.33.* Therefore, where a county has adopted a resolution for appointment of private counsel, the indigent parents of allegedly abused, neglected and dependent children have a right of representation by private counsel pursuant to R.C. 120.33." (Emphasis added.) See, also, *Kriak*, 30 Ohio App.3d at 84, 30 OBR at 140-141, 506 N.E.2d at 557 ("R.C. 2151.352 establishes an indigent juvenile's statutory right to the appointment of counsel in all juvenile proceedings, regardless of whether commitment may result.").

**{¶ 15}** Therefore, under the plain language of R.C. 2151.352, indigent children, parents, custodians, or other persons *in loco parentis* are entitled to appointed counsel in all juvenile proceedings. *Butler*. This result is consistent with the holdings of the Third, Fourth, Sixth, Ninth, and Twelfth Appellate Districts, as well as the interpretation of the Attorney General. *Mull*; *Lowry v. Lowry* (1988), 48 Ohio App.3d 184, 188, 549 N.E.2d 176, 180 ("Juv.R. 4[A] and R.C. 2151.352 guarantee the right to counsel for all indigent parties in juvenile court proceedings."); *In re Ferguson* (May 11, 1990), Lucas App. No. L-88-344, unreported, at 2, 1990 WL 61103 ("R.C. 2151.352 and Juv.R. 4[A] provide that every party to a juvenile proceeding shall have the right to be represented by

counsel at all stages of the proceedings, and, if indigent, the right to appointed counsel."); *Kriak; McKinney v. McClure* (1995), 102 Ohio App.3d 165, 167, 656 N.E.2d 1310, 1311 ("The right to appointed counsel applies to all matters properly before the juvenile court, including custody and visitation issues."); 1984 Ohio Atty. Gen. Ops. No. 84-023, at 2-73 ("The reference to R.C. Chapter 120 in R.C. 2151.352 is not a reference to the circumstances which give rise to the provision of counsel, but rather, is a reference to the mechanisms for providing counsel."); 1997 Ohio Atty. Gen. Ops. No. 97-040.

{¶ 16} While Judge Payne cites a case from the Fifth Appellate District that reached a contrary conclusion, that case is not persuasive and, in fact, has been implicitly overruled by a subsequent case from that district. Cf. *In re Johnson* (Jan. 31, 1994), Stark App. No. CA 9273, unreported, 1994 WL 45848 (R.C. 2151.352 "provides for appointed counsel for any indigent party"), with *In re Custody of Stover* (Sept. 9, 1993), Guernsey App. No. 92-CA-15, unreported, 1993 WL 385313; *Fortney v. Hines* (Oct. 31, 1990), Tuscarawas App. No. 90AP020018, unreported, 1990 WL 173358; and *Lindon v. Lindon* (Dec. 21, 1989), Tuscarawas App. No. 87AP070058, unreported, 1989 WL 155730.

{¶ 17} Judge Payne also relies on a 1994 amendment to Juv.R. 4(A), which provides that the rule "shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute." See, generally, Kurtz & Giannelli, Ohio Juvenile Law (1997) 208-210, Section 20.3, discussing the genesis of the 1994 amendment. But Asberry's right to appointed counsel emanates from R.C. 2151.352, and the amendment to Juv.R. 4(A) does not abrogate that right.

{¶ 18} Accordingly, Asberry has established a clear legal right to the appointment of counsel in her juvenile court custody proceeding and a corresponding clear legal duty on the part of Judge Payne to appoint counsel. Judge

Payne concedes that Asberry is an indigent party to the custody proceeding who is *in loco parentis* to Dale Jr.[2]

{¶ 19} In addition, Asberry lacks an adequate remedy in the ordinary course of law to challenge Judge Payne's refusal to appoint her counsel. See *State ex rel. Cody v. Toner* (1983), 8 Ohio St.3d 22, 23, 8 OBR 255, 256, 456 N.E.2d 813, 814 ("[I]f relator must wait for an appeal to establish his alleged right to have court-appointed counsel, he will be denied the opportunity to be legally represented throughout the course of the adjudication and disposition of his case. Accordingly, although relator may ultimately appeal an adverse decision rendered in the paternity action, that remedy cannot be said to be 'adequate under the circumstances.' "); *Butler*, 66 Ohio St.2d at 124, 20 O.O.3d at 122, 420 N.E.2d at 117; cf. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 179, 631 N.E.2d 119, 122; *In re Miller* (1984), 12 Ohio St.3d 40, 42, 12 OBR 35, 36, 465 N.E.2d 397, 399. Here, a *pro se* appeal by Asberry would not necessarily be complete, beneficial, and speedy. In fact, Judge Payne does not contend that any alternative remedy precludes issuance of a writ here, instead agreeing that this court "must issue the Writ of Mandamus if indigent litigants in private custody cases in juvenile court are entitled under the rule or statute to an attorney paid for by public funds." R.C. 2151.352 requires the appointment of counsel under these circumstances. Judge Payne thus appears willing to vacate his order and proceed *de novo* with the custody proceeding should a writ issue.

{¶ 20} Based on the foregoing, Asberry has established her entitlement to the requested writ. Accordingly, we grant a writ of mandamus to compel Judge Payne to appoint counsel for Asberry in her custody proceeding.

---

2. A person *in loco parentis* assumes the same duties as a guardian or custodian, although not through a legal proceeding. *State v. Noggle* (1993), 67 Ohio St.3d 31, 33, 615 N.E.2d 1040, 1042; *Evans v. Ohio State Univ.* (1996), 112 Ohio App.3d 724, 737, 680 N.E.2d 161, 169. Asberry assumed the duties of a custodian of Dale Jr. from 1984 until 1997.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————