OPINION
Defendant-appellant, William Wadsworth, appeals a judgment of the Butler County Court of Common Pleas, Domestic Relations Division, which granted shared parenting to appellant and plaintiff-appellee, Dierdre Wadsworth.
Appellant and appellee were divorced by order of the Butler County Court of Common Pleas on August 8, 1997. A separation agreement was incorporated into the final divorce decree which set forth a shared parenting agreement with respect to the couple's two minor children. At the hearing which recorded the separation agreement, the parties agreed to enter into a shared parenting plan, but informed the court that a change in work schedules was expected for the parties before school started. The parties then agreed that the shared parenting decree would be entered, with the agreement that a change in work schedules would constitute a change in circumstances for purposes of bringing the issue before the court again.
The record reflects that on September 3, 1997, the court scheduled a pretrial hearing on a motion for change of custody. The record is devoid of a motion for change of custody; however, it does contain undated letters from appellant to the court which may have been construed as a motion for change of custody. By entry dated January 5, 1998, the court terminated the shared parenting agreement and granted custody of the children to appellee.
On September 5, 1997, appellant, acting pro se, filed the instant appeal. In his brief, appellant sets forth two assignments of error, one addressing the August 8, 1997 entry which granted shared parenting, and one addressing the January 5, 1998 entry which terminated shared patenting and granted custody to appellee. However, appellant's notice of appeal refers only to the August 8, 1997 entry. The initial question is whether appellant may include both entries in this appeal.
The August 8, 1997 entry is clearly a final appealable order. The parties were granted a divorce and a shared patenting plan was implemented. Further, a timely notice of appeal was filed on September 5, 1997 which refers to the August 8 entry. The January 5, 1998 entry was filed in the trial court almost five months later; four months after the notice of appeal with respect to the August 8, 1997 entry was filed. The January 5 entry was also a final appealable order; it terminated the shared patenting agreement and granted custody to appellee.
Based upon the foregoing, this court finds that appellant has filed a timely notice of appeal from the August 8, 1997 entry, but has not filed any notice of appeal from the January 5, 1998 entry. This court therefore has jurisdiction to review the August 8, 1997 entry only. Appellant's second assignment of error, which concerns the January 5, 1998 entry, is therefore overruled.
In the first assignment of error, which concerns the August 8, 1997 entry, appellant contends that he was denied the effective assistance of counsel when entering into the separation agreement and that his rights were prejudiced. Denial of effective assistance of counsel is a concept which is limited to criminal cases and juvenile court proceedings. In a criminal case, a defendant is constitutionally guaranteed effective assistance of counsel under the Sixth Amendment to the United States Constitution. In a juvenile case, R.C. 2151.352 grants a statutory right to appointment of counsel at juvenile proceedings. State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44.
Accordingly, we find that the question of effective assistance of counsel has no place in a general civil action, such as the instant proceeding. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116. Appellant's first assignment of error is not well-taken.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.