DECISION AND JOURNAL ENTRY
Appellant, David Sauers, appeals the name change of his daughter in the Summit County Court of Common Pleas, Probate Division. We affirm.
 I.
Lisa Gieseler, appellee, gave birth to a daughter on December 15, 1994. She initially named the child Rebecca Emily Gieseler. The child's father was Mr. Sauers. Ms. Gieseler renamed the child Rebecca Emily Savers at Mr. Sauers' urging. However, the birth certificate listed Rebecca's last name, as well as Mr. Sauers' last name, as being spelled with a "v" rather than, as Mr. Sauers' last name is correctly spelled, with a "u."
Since Rebecca's birth, the parties have apparently repeatedly litigated issues of custody and visitation. From what can be gleaned from the record in this case, it appears that Ms. Gieseler has custody of Rebecca and that Mr. Sauers had been afforded visitation rights until the summer of 1997. Apparently, visitation was terminated in the summer of 1997 due to Mr. Sauers' abusive behavior as well as his use of drugs and alcohol. However, the result of those proceedings is not currently before this court.
On November 12, 1998, Ms. Gieseler filed an application to change the surname name of Rebecca from Savers to Gieseler pursuant to R.C. 2717.01. The matter was referred to a magistrate who held a hearing on February 12, 1999. On June 8, 1999, the magistrate rendered her decision, recommending that the trial court order Rebecca's surname to be legally changed to Gieseler. Mr. Sauers filed objections to the magistrate's decision on June 18, 1999. The trial court held a hearing on August 26, 1999 on Mr. Sauers' objections to the magistrate's decision. Mr. Sauers was not represented by counsel at this hearing. On September 22, 1999, the trial court overruled Mr. Sauers' objections to the magistrate's decision and ordered that Rebecca's last name be changed to Gieseler as this change was in her best interest. This appeal followed.
 II.
Mr. Sauers asserts six assignments of error. We will address each in due course, consolidating those that implicate similar issues to facilitate review.
 A. First Assignment of Error PROBATE COURT ERRED IN BEING ARBITRARY BY NOT ASCERTAIN [sic] DAVID SAUERS AND/OR THE MINOR CHILD THEIR RIGHTS FOR [sic] COUNSEL.
 Second Assignment of Error PROBATE COURT ERRED INBEING [sic] ARBITRARY TO THE PREJUDICE OF DAVID SAUERS AND/OR THE MINOR CHILD BY NOT APPOINTING ADEQUATE COUNSEL UPON ORAL MOTION FOR COUNSEL DUE TO INDIGENT CIRCUMSTANCES[.]
 Mr. Sauers avers that the trial court erred by denying his motion to appoint counsel pursuant to R.C. 2151.352. Moreover, he avers that he was indigent, and therefore, was entitled to appointed counsel at state's expense pursuant to R.C. 2151.352. We disagree.
"Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo."Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
In pertinent part, R.C. 2151.352 provides:
 A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person. The court may continue the case to enable a party to obtain counsel or to be represented by the county public defender or the joint county public defender and shall provide counsel upon request pursuant to Chapter 120. of the Revised Code. Counsel must be provided for a child not represented by his parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them.
 Although "under the plain language of R.C. 2151.352, indigent children, parents, custodians, or other persons in loco parentis are entitled to appointed counsel in all juvenile proceedings," the proceeding below was not in juvenile court. State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44, 48. Chapter 2151 of the Revised Code provides for proceedings in juvenile court which is "the division of the court of common pleas or a juvenile court separately and independently created having jurisdiction under this chapter." R.C. 2151.011(A)(1). However, jurisdiction over an action in which a name change is sought is vested in "the probate court of the county in which the person resides." R.C. 2717.01. Moreover, the probate court does not have jurisdiction under Chapter 2151 of the Revised Code but under Chapter 2717 of the Revised Code. Hence, we conclude that the trial court did not err in denying Mr. Sauers' motion for appointment of counsel pursuant to R.C. 2151.352 because that provision was not applicable to the proceedings below. Accordingly, Mr. Sauers' first two assignments of error are overruled.
 B. Third Assignment of Error PROBATE COURT ERRED IN ADOPTING JUVENILLE [sic] COURTS [sic] ERRORS, AND BEING UNREASONABLE, ARBITRARY, OR UNCONSIOUSLY [sic] ERROR OF FACTS, TO THE LAW, IN THE MATTER OF THE NAME CHANGE.
 Fourth Assignment of Error MS. GEISELER [sic] HAS FAILED AND WILL CONTINUE TO FAIL TO MEET THE BURDEN OF PROVING DAVID SAUERS TO BE AN UNFIT PARENT AND THAT VISITATION IS CAUSING HARM TO REBECCA, WHICH SET FORTH FOR THE NAME CHANGE. DISPLAYING ERROR OF FACTS [sic].
 Fifth Assignment of Error THE COURT'S [sic] ACTED IN DIRECT CONFLICT OF THE MINOR CHILD'S BEST INTEREST.
 Sixth Assignment of Error PROBATE COURT ACTED UNJUST, ERRONEOUS, OPINIONATED, BIASED, AND PREJUDICE [sic] CONCLUSIONS, IN FAILING TO MEET THE REQUISITE BURDEN OF PROOF, AND HAVING CLEAR AND CONVINCING SUFFICIENT EVIDENCE IN THE MATTER OF THE NAME CHANGE.
 Mr. Sauers challenges several elements of the trial court's decision. He challenges the evidence presented, essentially arguing that the trial court's decision was not supported by sufficient evidence. Further, he asserts that the trial court applied the wrong evidentiary standard, averring that a change in surname should be based upon clear and convincing evidence, and that the trial court should consider Ms. Gieseler's allegedly vindictive motive in seeking the name change.[1] We disagree.
When a court is asked to change a minor's surname, it must look to the best interest of the child to determine if reasonable and proper cause for a name change has been shown. In re Willhite
(1999), 85 Ohio St.3d 28, paragraph one of the syllabus.
 In determining whether a change of a minor's surname is in the best interest of the child, the trial court should consider the following factors: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.
 Id. at paragraph two of the syllabus. Where the trial court has found, "that the name change would be in the best interest of the child[,] * * * this Court will not substitute its judgment for that of the trial court, [but rather,] the lower court's decision will only be overturned if there has been an abuse of discretion." State ex rel. WCCSEA v. Felter (Dec. 22, 1999), Wayne App. No. 98CA0059, unreported, at 4-5. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
Mr. Sauers' argument that the trial court should have required clear and convincing evidence is without merit. R.C.2717.01, as interpreted by the Ohio Supreme Court in Willhite, requires that the trial court does that which is in the best interest of the child, rather than, as Mr. Sauers contends, maintain the status quo absent a showing of clear and convincing evidence that the requested name change is appropriate. Further, the Ohio Supreme Court's pronouncement in Willhite requires a trial court to review only those factors "relevant to the child's
best interest." (Emphasis added.) In re Willhite, 85 Ohio St.3d at paragraph two of the syllabus. Hence, we conclude that Mr. Sauers' allegations regarding Ms. Gieseler's motivation in seeking the name change, if true, have little relevance when determining whether a name change is in the child's best interest.
Mr. Sauers' main argument challenges the sufficiency of the evidence adduced before the trial court. He avers that the trial court's decision was based on unreliable and biased testimony that formed an insufficient basis, as a matter of law, for the trial court to determine what was in the best interest of Rebecca. However, as this court has repeatedly held, when a party avers that "the evidence was contradictory and the credibility of many of the witnesses was impeached, [we must defer to the judgments made by the trier of fact because] the trier of fact had the opportunity to view the witnesses and adjudge their credibility, such matters are manifestly within the province of the [finder of fact]." State v. Vega (Oct. 27, 1999), Summit App. No. 19369, unreported, at 9.
In the interest of justice, we will review the record to determine if the trial court's decision had a basis in the testimony and evidentiary material adduced at the hearings. SeeBobo v. Jewell (1988), 38 Ohio St.3d 330, 335 (holding that when there is "no evidence in the record [to] support the conclusion that the change in name is in the best interest of the child * * *, there is insufficient evidence, as a matter of law, to support the trial court's judgment changing the child's last name, [and the trial court's order is] properly reversed").
The record reflects that the surname of "Savers" is the name of neither parent. Ms. Gieseler is the parent with whom Rebecca resides. Rebecca also has two half-sisters with whom she resides and who share the last name of Gieseler with Rebecca's mother. Moreover, Mr. Sauers apparently has not provided child support in the amount ordered by the juvenile court and does not have visitation privileges. Although these may not be willful actions on his part, in that he is receiving support from the state and yet continues to make child support payments in reduced amounts and has experienced certain personal problems, the fact remains that he has lost contact with Rebecca. Applying the facts as they appear in the record to the factors enumerated in Willhite, we conclude that the trial court did not err or abuse its discretion in ordering Rebecca's last name to be changed to Gieseler. Rebecca bore the name of neither parent at the initiation of these proceedings; specifically, her last name clearly contained a typographical error. Hence, a change was in her best interest. The second issue was whether her surname should be corrected to read "Sauers" rather than "Savers" or should be changed to that of her mother and sisters. After reviewing the record, we conclude that the evidence showed that Mr. Sauers had lost contact with Rebecca, that her current name contained an embarrassing typographical error, that her name was different from that of her half-sisters and her residential parent, that her relationship with her father was virtually nonexistent due to his lack of visitation rights, and that sharing a common last name with her half-sisters and mother would strengthen their familial bond. Hence, we cannot find an abuse of discretion on the trial court's part in ordering Rebecca's surname be changed to Gieseler. Mr. Sauers' remaining four assignments of error are overruled.
 III.
Mr. Sauers' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Probate Division is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM G. BATCHELDER
[1] Mr. Sauers appears, at various points in his brief, to assign error to the previous decisions of the juvenile court. Mr. Sauers has, however, not appealed the decisions of the juvenile court. Hence, as we have not been vested with jurisdiction over these decisions, we will not address these issues. See App.R. 3(A) and 4(A).