DECISION AND JUDGMENT ENTRY
This appeal was brought by Jeff W.C. following the entry of a judgment of the Lucas County Court of Common Pleas, Juvenile Division, finding that objections he raised to a magistrate's decision were not well-taken and affirming the magistrate's decision. Because we find that the minor son of Jeff W.C. was a party to the proceedings below and was entitled to appointed counsel, we reverse and remand this case for a new hearing where the child, as well as the parents, is represented by appointed counsel.
Jeff W.C. has presented one assignment of error for consideration on appeal. The sole assignment of error is:
 "THE TRIAL COURT ERRED IN FAILING TO APPOINT AN ADVOCATE TO REPRESENT THE CHILD IN THIS CASE."
Bobbi Jo S. did not file a brief in response. Before we consider the sole assignment of error, we will review the facts and procedure in this case.
The record reveals that Jeff W.C. acknowledged paternity of a child in the Lucas County Court of Common Pleas, Juvenile Division, in 1995. Thereafter, the court ordered that he be granted visitation with the child, his son. The record shows that the child's mother, Bobbi Jo S., who had custody of the child, and the child's father, Jeff W.C., had a difficult time cooperating regarding the visitation order. Each parent repeatedly filed motions asking the trial court to modify custody or to terminate visitation.
In January 2001, a magistrate in the Lucas County Court of Common Pleas, Juvenile Division, held a hearing on the latest round of motions. Jeff W.C. filed a motion to show cause why Bobbi Jo should not be held in contempt for interfering with his right to visitation with his son. Jeff W.C. also asked that the court grant him custody of his son. Bobbi Jo S. filed motions asking the trial court to terminate the visitation order and asking for enforcement of a previous child support order.
After considering the testimony presented on behalf of each parent, the magistrate issued a decision. The magistrate found that Jeff W.C.'s motion to show cause should be denied, because Bobbi Jo S. showed that she had "just and sufficient cause" for her interference with Jeff W.C.'s visitation with their son. The magistrate also denied Bobbi Jo S.'s motion to terminate Jeff W.C.'s visitation rights. Instead, the magistrate modified the visitation order, requiring the visitation to be supervised for six consecutive weeks. The magistrate further ordered that if the supervised visitation took place without incident from Jeff W.C., the supervision would be discontinued and that Jeff W.C.'s visitation rights would be expanded.
The magistrate denied Jeff W.C.'s motion for a change in custody. The magistrate did order that Jeff. W.C. pay child support and ordered Jeff W.C. to become current on child support arrearages.
Jeff W.C. filed objections to the magistrate's decision. The trial court found the objections not well-taken and affirmed the ruling of the magistrate. Jeff W.C. then filed this appeal.
The sole question presented to this court is whether the son of Jeff W.C. and Bobbi Jo S. was entitled to appointed counsel in the proceedings of the juvenile court. The Supreme Court of Ohio considered an analogous case where a child custody dispute was under consideration in a juvenile court. State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44. The child lived with his grandmother for several years before leaving her home to live with his father. The child's father then filed a parentage action in juvenile court. The grandmother was not given notice of the parentage case, and the juvenile court recognized the paternity of the father and awarded custody of the child to the father. The grandmother then filed a pro se request for custody, and asked for appointed counsel because she was indigent. The juvenile court refused to appoint counsel, and the grandmother requested a writ of mandamus in the Supreme Court of Ohio. Id. at 44-45.
The Supreme Court first noted that there is no requirement under the federal constitution that all indigent parties in a juvenile proceeding be provided appointed counsel. Id. at 46. The Supreme Court then said: "Ohio, through R.C. 2151.352, provides a statutory right to appointed counsel that goes beyond constitutional requirements." Id. After reviewing the law in Ohio, the Supreme Court concluded: "Therefore, under the plain language of R.C. 2151.352, indigent children, parents, custodians, or other persons in loco parentis are entitled to appointed counsel in all juvenile proceedings." Id. at 48.
At the time the hearing was held in this case, R.C. 2151.352 still provided, in pertinent part: "A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code." R.C. 2151.352 (effective 1/13/76). The above language was the same language construed by the Supreme Court of Ohio in State ex rel. Asberry v. Payne,82 Ohio St.3d at 48. The statute has since been amended, effective January 1, 2002, to specify that the right to appointed counsel for indigent parties is now limited to causes of action filed under Chapters 2151 or 2152 of the Ohio Revised Code. However, the amendments were not in effect when the hearing was held in this case, and the child was clearly entitled to an appointed attorney under the law then in effect.
In addition, Juv.R. 4(A) provides, in pertinent part:
 "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party in a juvenile court proceeding."
Juv.R. 2(X) reads:
 "`Party' means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."
In this case, there is no doubt that the child was the subject of the juvenile court proceedings, since the court was asked to determine visitation and custody issues relating to the child. Accordingly, we find that the child in this case was entitled to appointed counsel. The sole assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed, and this case is remanded for a new hearing where all parties, including the child, will be represented by counsel. Bobbi Jo S. is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.