{¶ 49} The fact that a person is in prison does not deprive them of fundamental due process rights. In the instant matter, the father of the children was in prison, and the juvenile court was conducting a review of the amounts of child support owed. There is no question that the father had a constitutional and statutory right to be present, and to be represented by counsel, at the hearing. The fact that he was afforded that constitutional and statutory right at the October hearing speaks volumes. Simply stated, the lawyers in the room knew how to protect his rights. In January, they simply chose not to.
 {¶ 50} Aside from the obvious right to be present that was violated, what is more troubling in this matter is the cavalier manner in which appellant's right to counsel was violated. The whole purpose of the hearing was to determine the amount of money owed by appellant. Any lawyer would recognize the legal significance and the impropriety of holding such a hearing without the PAYOR present. Our entire system of government rests upon the foundation of the right to be heard. In this matter, the violation of appellant's right to be heard was patent.
 {¶ 51} The right to be present and to be represented by appointed counsel in juvenile hearings is clearly stated in State ex rel. Asberryv. Payne.[1] As stated by the court, the purpose of appointed counsel in such proceedings is to "ensure parties a fair hearing at which their legal rights are recognized and enforced."[2]
 {¶ 52} As so clearly stated by the Supreme Court of Ohio, "under the plain language of R.C. 2151.352, indigent children, parents, custodians, or other persons in loco parentis are entitled to appointed counsel IN ALL JUVENILE COURT PROCEEDINGS."[3]
 {¶ 53} The rule of law pronounced by the Supreme Court of Ohio was violated in this matter, and that is an abuse of discretion. The matter should be returned to the trial court for a hearing which is reasonably held to ensure that the obligor, and his attorney, are present.
[1] State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44.
[2] Id. at 47.
[3] (Emphasis added.) Id. at 48, citing State ex rel. Butler v. Demis
(1981), 66 Ohio St.2d 123.