{¶ 40} While I concur in the judgment affirming the lower court's rulings in this case, the sensitivity of the constitutional issues raised in this appeal warrants further clarification.
 {¶ 41} Unquestionably, the opportunity to participate in proceedings such as those conducted by the lower court is a hallmark of constitutional due process. Likewise, the right of an indigent party to be represented by appointed counsel in juvenile hearings is well recognized. See, e.g. State ex rel. Asberry v. Payne (1988),82 Ohio St.3d 44. These principles, taken in the abstract, could lead one to the erroneous conclusion that the rule of law and appellant's rights were violated by the lower court's decision. A careful application of the rule of law and constitutional principles to the specific facts in this case, however, demonstrates the constitutional correctness of the lower court's rulings.
 {¶ 42} Fundamental due process dictates that appellant receive notice of the hearing at issue and the opportunity to participate at that hearing. Boddie v. Connecticut (1971), 401 U.S. 371, 378. There is no question that appellant had notice of the rescheduled hearing in this case. Appellant was present telephonically when the magistrate rescheduled the hearing.
 {¶ 43} The right to participate is not the same as an absolute right to be present, as incorrectly argued by appellant. Once a party has notice, that party may elect to participate at the hearing, either in person, telephonically (in some cases), or by filing a pleading. If a party elects not to participate at the hearing, that party cannot claim that his constitutional due process rights were violated.
 {¶ 44} Moreover, the fact that a party is incarcerated does not automatically shift that party's responsibility to make arrangements for his participation (telephonically or otherwise) or for his representation at such a hearing to the goverment. While incarcerated individuals are still entitled to fundamental due process protection in pending civil or juvenile matters, such individuals are not absolved of personal responsibility. Prisoners certainly are not entitled to extra due process. Plainly stated, people in prison, like individuals not in prison, bear responsibility for their defense in pending civil and juvenile proceedings. In this case, there is no evidence in the record that appellant (1) attempted to contact the court to arrange for his telephone participation at the January 2002 hearing; (2) filed any letter or pleading with the court, either in connection with the substantive issues to be adjudicated at that hearing or in objection to the conduct of that hearing without his presence; or (3) retained or attempted to retain or send a representative to that hearing. In the absence of such evidence, I concur in the holding that appellant's first and second assignments of error are without merit.
 {¶ 45} As to appellant's third assignment of error, ACCSEA's failure to serve appellant with copies of its audit is troublesome. ACCSEA was subject to the November 7, 2001, order which required ACCSEA to send a copy of that audit to appellant.
 {¶ 46} Appellant, however, did not raise this objection in his "Objections to the Magistrate's Decision," thereby waiving it. Juv.R. 40; Haas v. Haas (Dec. 31, 1997), 11th Dist. No. 96-G-2034. Moreover, the audit primarily reflected appellant's payment record and obligation, which information was already available to appellant. As such, appellant was not unduly prejudiced by ACCSEA's failure to provide the audit.
 {¶ 47} Finally, as to appellant's fourth assignment of error, the right to appointed counsel in all juvenile court proceedings is not
absolute. The right to appointed counsel hinges on the indigent status of the party. Asberry, 82 Ohio St.3d at 48. "`Indigent person' means a person who, at the time need is determined, is unable by reason of lack of property or income to provide for full payment of legal counsel and all other necessary expenses of representation." Juv.R. 2(R) (emphasis added). The one pleading indigency bears the burden of proving his or her indigent status. See State v. Gibson, 80 Ohio St.3d 626, 635,1998-Ohio-659. In this case, appellant has failed to demonstrate that hepresently is indigent, that he was indigent at the time he needed counsel for the juvenile proceedings below, or that he has been formally adjudicated indigent for purposes of the proceedings below. Therefore, the fourth assignment of error is without merit.
 {¶ 48} For these reasons, I concur in affirming the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division.