OPINION
{¶ 1} This is an appeal by Appellant-Mother Angela Wagner from the March 2, 2006, decision of the Muskingum County Court of Common Pleas, Juvenile Division, awarding permanent custody of the minor child Marquiz Elder to Muskingum County Children Services.
 {¶ 2} This case comes to us on the expedited calendar pursuant to App. R. 11.2. This appeal shall be considered in accordance with said rule.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant-Mother Angela Wagner has four children and has been involved with Muskingum County Children Services since September of 2003. (T. at 49, 140-160). Prior to that time, Appellant-mother had involvement with Coshocton County Children Services in 1999 prior to her move to Muskingum County (T. at 45, 144). Coshocton County Children Services had an open case with Appellant beginning in 1999 with concerns of neglect and alleged sexual abuse of the oldest child by Appellant. (T p 45-51). The concerns in Coshocton County were the same as the concerns in Muskingum County and were addressed in the case plan objectives, namely, provision of basic needs, housing, employment, supervision of the children, parenting classes, and drug abuse. (T, pp 45-47). Appellee MCCS opened a case with Appellant-Mother following transfer from Coshocton County Children Services in September of 2003. (T. at 51-52).
 {¶ 4} On July 26, 2004, Appellee Muskingum County Children's Services (MCCS) filed a Complaint with the Muskingum County Common Pleas Court, Juvenile Division, alleging Marquiz Elder (d.o.b. 1/02/2002) and One-Dai Parks (d.o.b. 11/10/2003) to be abused, neglected and dependent due to allegations of physical abuse of Marquiz Elder.
 {¶ 5} At a shelter care hearing held July 26, 2004, Appellee MCCS was granted interim temporary custody; that interim order was modified by entry dated August 26, 2004, and the two children were placed into the interim temporary custody of Amy and Eddie Toney with protective supervision to Appellee MCCS.
 {¶ 6} By Judgment Entry dated October 20, 2004, Marquiz and One-Dai were adjudicated dependent children and were placed into the Temporary Custody of Appellee MCCS.
 {¶ 7} On or about April 13, 2005, Appellee MCCS filed a Motion to modify its Temporary Custody order to one of Permanent Custody. An amended motion was filed January 9, 2006, seeking the same relief; this motion noted the passing of the twelve of twenty-two months in agency custody.
 {¶ 8} With regard to the younger sibling, Travis Parks Jr., Appellee MCCS filed a Complaint on September 2, 2005, alleging the minor infant child Travis Parks, Jr. (d.o.b. 9/01/2005) to be dependent and requesting an order of Permanent Custody to Muskingum County Children Services/alternatively an order of Temporary Custody to Muskingum County Children Services. At a shelter care hearing held September 2, 2005, Travis Parks, Jr. was placed into the interim custody of Gary and Janet Joseph with Protective Supervision to Muskingum County Children Services. The matter came on for adjudicatory/dispositional hearing before the Court on February 7, 2006, with the Honorable Joseph A. Gormley presiding. By Judgment Entry dated March 2, 2006, Travis Parks, Jr. was found to be a dependent child.
 {¶ 9} On February 7, 2006, a final dispositional hearing was held as to all three children.
 {¶ 10} By Judgment Entries dated March 2, 2006, the Trial Court awarded permanent custody of all three children to Appellee MCCS.
 {¶ 11} Appellant's oldest child remains in the custody of Appellant's mother, following court proceedings in Coshocton County (T. at 41-44).
 {¶ 12} It is from this March 2, 2006, decision that Appellant-Mother now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 13} "I. THE JUVENILE COURT ABUSED ITS DISCRETION IN GRANTING PERMANENT CUSTODY OF MINOR CHILD TO MUSKINGUM COUNTY CHILDRENS [SIC] SERVICES WHERE SUCH AN AWARD IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 14} "II. THE JUVENILE COURT ERRED BY NOT CONSIDERING THE WISHES OF THE CHILDREN AS MANDATED BY R.C. 2151.414(D)(2).
 {¶ 15} "III. THE JUVENILE COURT ERRED IN FAILING TO APPOINT AN ATTORNEY FOR EACH OF THE CHILDREN.
 {¶ 16} "IV. APPELLANT WAS DENIED DUE PROCESS WHERE THE GUARDIAN AD LITEM FAILED TO FILE HER WRITTEN REPORT RECOMMENDING THE TERMINATION OF APPELLANT'S PARENTAL RIGHTS UNTIL THE DAY AFTER THE CONCLUSION OF THE FINAL PERMANENT CUSTODY HEARING.
 {¶ 17} "V. THE JUVENILE COURT APPLIED AN IMPROPER STANDARD PURSUANT TO R.C. 2151.414(E) IN DETERMINING THAT THE CHILD(REN) COULD NOT BE PLACED WITH EITHER PARENT WITHIN A REASONABLE TIME."
 I. {¶ 18} In her first assignment of error, Appellant contends the trial court's decision to award permanent custody of the minor child, Marquiz Elder, was against the manifest weight of the evidence. We disagree.
 {¶ 19} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 20} R.C. § 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 21} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 22} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 23} "(b) The child is abandoned.
 {¶ 24} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 25} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 26} In the case sub judice, pursuant to R.C. §2151.414(B)(1)(d), the trial court found that Marquiz Elder had been in the temporary custody of MCCS for a period of time in excess of twelve of the prior twenty-two consecutive months. The trial court further stated, pursuant to R.C. 2151.414(B)(1)(a), the child cannot be placed with either parent within a reasonable time.
 {¶ 27} Appellant claims the trial court's judgment that the children cannot or should not be placed with her is against the manifest weight of the evidence. Although the trial court made a finding pursuant to R.C. 2151.414(B)(1)(a), this subsection is not applicable to the case sub judice. Under subsection (B)(1)(a), the child must not have been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999. In the matter currently before the court, the trial court specifically found that the children had been in the temporary custody of MCCS for a period in excess of twelve of the prior twenty-two consecutive months.
 {¶ 28} Accordingly, we agree with the trial court's finding that R.C. § 2151.414(B)(1)(d) is applicable to the facts of this case. As findings under R.C. § 2151.414(B)(1)(a) and R.C. §2151.414(B)(1)(d) are alternative findings, each is independently sufficient to use as a basis to grant MCCS's motion for permanent custody. In re Langford Children, Stark App. No. 2004CA00349,2005-Ohio-2304, at ¶ 17. We conclude the trial court's finding with regard to this issue is not against the manifest weight or sufficiency of the evidence.
 {¶ 29} In the instant case, the trial court heard testimony concerning the child's custodial history. This testimony included the fact that the child had been in the custody of Muskingum County Children's Services Agency since July, 2004, more than 12 of the last 22 months.
 {¶ 30} The trial court found that Appellant-mother had failed to consistently visit the children since the time of their placement. Testimony was presented that Appellant-mother cancelled approximately seventeen of forty-five possible visits between August, 2005, and October, 2005.
 {¶ 31} The trial court heard testimony from Appellant-mother's caseworkers that she has failed to complete her case plan objectives and has further failed to minimize the risk to the children that led to their removal. Appellant herself testified that she had no intention of complying with her mental health treatment stating that she did not feel it was necessary. (T. at 91).
 {¶ 32} Furthermore, Caseworker Darst testified that all three siblings were in a placement with the same foster family, that they were bonded with the foster parents as well as the other children in the family and that the foster family wished to adopt all three children. (T. at 206-208).
 {¶ 33} Additionally, the trial court considered the fact that Appellant-mother has a criminal history which includes a felony conviction for receiving stolen property as well as misdemeanor convictions for theft and falsification. She also had charges for driving under suspension. She testified that she had been incarcerated several times and had a theft charge pending at the time of the hearing.
 {¶ 34} All of the witnesses which testified, with the exception of Appellant, agreed that the minor children would be at risk with Appellant.
 {¶ 35} Upon review of the evidence presented, we cannot say that the trial court's conclusion was against the manifest weight of the evidence. There was relevant, competent and credible evidence upon which the trial court could base its judgment.
 {¶ 36} Appellant's first assignment of error is overruled.
 II. {¶ 37} In her second assignment of error Appellant argues that the trial court erred in not considering the wishes of the children pursuant to R.C. § 2151.414(D)(2). We disagree.
 {¶ 38} Revised Code 2151.414(D)(2) requires the trial court to consider "[t]he wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child" when the trial court determines the best interest of a child.
 {¶ 39} In the instant case, the trial court stated that it had considered all of the factors listed in R.C. § 2151.414 in reaching its conclusion that it was in the children's best interests for permanent custody to be granted to the agency. Thus, the trial court stated that it considered the wishes of the children with due regard to their maturity and as expressed by the guardian ad litem. The record establishes that at the time of the hearing, Marquiz was four years old. There is nothing in the record to suggest that as a four year old, he was capable of expressing or verbalizing such wishes. Certainly there is no prejudicial error under these circumstances. In re SandersChildren, 5th Dist. No. 2004 AP 08 0057, 2004-Ohio-5878 at ¶ 67,In re Green Children, 5th Dist. App. Nos. 2005AP010007, 2005AP01008, 2005-Ohio-3308.
 {¶ 40} Under these circumstances we find no prejudicial error.
 {¶ 41} Appellant=s second assignment of error is overruled.
 III. {¶ 42} In her third assignment of error Appellant argues that it was error for the trial court to not appoint an attorney for each of the children. We disagree.
 {¶ 43} Generally, the appointment of separate individuals to serve as guardian ad litem and counsel for a child is only required if either the guardian ad litem or the trial court determines that a conflict exists between the role of guardian ad litem and the role of an attorney. See Juv.R. 4(C)(2). Under the plain language of R.C. 2151.352, indigent children are entitled to appointed counsel in all juvenile court proceedings. State exrel. Asberry v. Payne, 82 Ohio St.3d 44, 48, 693 N.E.2d 794,1998-Ohio-596.
 {¶ 44} In the case sub judice, appellant presented no evidence which would establish that a conflict existed between Attorney Corrie Thomas' performance as the children's guardian ad litem and attorney. Accordingly, the juvenile court did not err by not appointing a separate attorney and separate guardian ad litem to represent the children.
 {¶ 45} Appellant's third assignment of error is overruled.
 IV. {¶ 46} In her fourth assignment of error Appellant argues that she was denied due process by the guardian ad litem not filing her report until the day following the permanent custody hearing. We disagree.
 {¶ 47} As stated in Appellee's brief, the record reflects that the guardian ad litem (GAL) in this matter had, in fact, submitted her written report to counsel for the parties in October, 2005, and that her recommendations had not changed since that time. (T. at 275-276). It was upon request of the trial court that she filed an updated report on February 8, 2006.
 {¶ 48} We therefore find that Appellant cannot be hard to complain that she did not have an opportunity to review or prepare for such GAL's report. Furthermore, Appellant did not object to the admission of such report, nor did she choose to call the GAL on cross-examination.
 {¶ 49} Appellant's fourth assignment of error is overruled
 V. {¶ 50} In her fifth assignment of error Appellant argues that the trial court erred in determining that the minor child could not be placed with either parent within a reasonable time. We disagree.
 {¶ 51} R.C. 2151.414(E) sets forth factors a trial court is to consider in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Specifically, Section (E) provides, in pertinent part, as follows:
 {¶ 52} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 53} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties."
 {¶ 54} "* * *
 {¶ 55} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child."
 {¶ 56} As stated and set forth in our disposition of Appellant's first assignment of error, a review of the record reveals that evidence was adduced that Appellant-mother has failed to alleviate the conditions which led to the placement of the children with the agency.
 {¶ 57} The trial court specifically found the Agency established by clear and convincing evidence following the removal of the minor children from mother's home, mother failed continuously and repeatedly to substantially remedy the conditions which led to the removal. The trial court found an inability and/or unwillingness on mother's part to correct these problems.
 {¶ 58} Upon a review of the evidence in light of the above statutory factors, we find the record contains clear and convincing evidence to support the trial court's determination. Accordingly, the trial court did not err when it determined that Marquiz could not be placed with Appellant-mother within a reasonable time or should not be placed with Appellant-mother.
 {¶ 59} Appellant's fifth assignment of error is overruled.
 {¶ 60} The decision of the Muskingum County Court of Common Pleas, Juvenile Division is affirmed.
By: Boggins, J. Wise, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Juvenile Division, Muskingum County, Ohio, is affirmed. Costs assessed to Appellant.