[Cite as *In re Adoption of C.L.G.*, 2021-Ohio-402.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| In the Matter of the Adoption of: | : | Case No. 20CA18 |
| C.L.G. | : | DECISION AND JUDGMENT ENTRY |
| | | **RELEASED 2/05/2021** |

_____

APPEARANCES:

Anne Marie Sferra and Aaron D. Rothey, Bricker & Eckler LLP, Columbus, Ohio, for appellant.

William J. Adams, Marietta, Ohio, for appellee.

_____

Hess, J.

{¶1} W.K. ("Father"), the biological father of C.L.G., appeals from a judgment of the Washington County Court of Common Pleas, Probate Division granting a petition for adoption filed by the child's stepfather. In Father's first assignment of error, he contends that the probate court erred when it denied his motion for appointed counsel on the grounds that indigent parents do not have a right to appointed counsel in adoption proceedings in probate court under the Equal Protection Clauses or Due Process Clauses of the federal and state constitutions. In *In re Adoption of Y.E.F.*, Slip Opinion No. 2020-Ohio-6785, the Supreme Court of Ohio recently held that indigent parents are entitled to counsel in adoption proceedings in probate court under the Equal Protection Clauses of the federal and state constitutions. *Id.* at syllabus. Accordingly, we sustain the first assignment of error to the extent it is premised on the Equal Protection Clauses, reverse the probate court's judgment, and remand for further proceedings consistent with this opinion. This decision renders moot Father's due

process argument and his second assignment of error in which he contends that the probate court erred when it found his consent was not required for the adoption.

## I. PROCEDURAL HISTORY

{¶2}  In October 2019, R.A.G. filed a petition to adopt his stepchild, C.L.G.  The petition alleged that the child's mother had to and did consent to the adoption and that Father's consent was not required because he had failed without justifiable cause to provide more than de minimis contact with the child or to provide for the maintenance and support of the child as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the petition or the placement of the child in R.A.G.'s home.  *See* R.C. 3107.07(A).  Father filed an objection to the petition. Father also filed an affidavit averring that he was unable to afford an attorney.  Pursuant to a limited representation agreement, an attorney from Southeastern Ohio Legal Services filed on Father's behalf a motion for appointed counsel asserting equal-protection and due-process arguments and a motion to stay the proceedings pending the Supreme Court of Ohio's resolution of two consolidated cases, *In re Adoption of Y.E.F.*, Supreme Court Case No. 2019-0420, and *In re Adoption of M.M.F.*, Supreme Court Case No. 2019-0421, which involved similar right to counsel arguments.  The probate court denied the motions, concluding indigent parents in adoption proceedings in probate court are not entitled to appointed counsel under the Equal Protection Clauses or Due Process Clauses of the federal and state constitutions and predicting that the Supreme Court of Ohio would agree. Subsequently, the probate court conducted a hearing on the adoption petition at which Father represented himself.  The court found Father's consent to the adoption was not required because he had failed

without justifiable cause to provide the requisite contact and maintenance and support, found adoption was in the best interest of the child, and granted the petition for adoption.

## II.  ASSIGNMENTS OF ERROR

{¶3}    Father presents the following assignments of error:

**First Assignment of Error** – The Probate Court erred in denying Appellant's motion for appointment of counsel.

**Second Assignment of Error** – The Probate Court erred in finding that Appellant's consent was not required for the adoption of his son.

## III.  MOTION FOR APPOINTED COUNSEL

{¶4}    In the first assignment of error, Father contends that the probate court erred when it denied his motion for appointed counsel.  Father asserts that in Ohio, indigent parents faced with losing parental rights in a juvenile court proceeding are entitled to appointed counsel, but indigent parents faced with losing parental rights in an adoption proceeding in probate court are not entitled to appointed counsel.  Father asserts that this disparate treatment violates the Equal Protection Clauses of the federal and state constitutions.  He also asserts that the Due Process Clauses of the federal and state constitutions require the appointment of counsel for indigent parents in an adoption proceeding.  In a notice of supplemental authority, Father directs our attention to the Supreme Court of Ohio's recent decision in *In re Adoption of Y.E.F.*, Slip Opinion No. 2020-Ohio-6785, which resolved the consolidated cases on which Father premised his motion to stay in the probate court.

{¶5}    *In re Adoption of Y.E.F.* is dispositive of this appeal.  In that case, the aunt and uncle of E.S.'s twin boys filed petitions to adopt them in probate court.  *In re*

*Adoption of Y.E.F.* at ¶ 2, 4.  E.S. filed a request for appointed counsel raising equal-protection and due-process arguments.  *Id.* at ¶ 4.  The probate court denied the request, and E.S. appealed.  *Id.* at ¶ 5.  The Fifth District Court of Appeals affirmed, concluding that equal-protection and due-process guarantees do not apply to requests for appointed counsel in adoption cases brought by private petitioners.  *Id.* at ¶ 6.  The Supreme Court of Ohio reversed the appellate court's judgment and remanded to the probate court for further proceedings.  *Id.* at ¶ 34.  The court explained that under R.C. 2151.352, "indigent parents 'are entitled to appointed counsel in all juvenile proceedings,' which includes custody proceedings."  *Id.* at ¶ 13, quoting *State ex rel. Asberry v. Payne*, 82 Ohio St.3d 44, 48, 693 N.E.2d 794 (1998).  The court concluded that this statute "is unconstitutionally underinclusive as applied to indigent parents facing the loss of their parental rights in probate court."  *Id.* at ¶ 33.  "Instead of declaring the statute unconstitutional on its face, and significantly disrupting the multifarious juvenile-court proceedings in the state," the court declared "that indigent parents are entitled to counsel in adoption proceedings in probate court as a matter of equal protection of the law under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution."  *Id.*  Because the court based its conclusion on the federal and state Equal Protection Clauses, it did not address E.S.'s claims that she was deprived of due process under the United States Constitution and the Ohio Constitution.  *Id.* at ¶ 34.

{¶6}   Based on *In re Adoption of Y.E.F.*, we conclude that the probate court erred when it denied Father's motion for appointed counsel on the ground that indigent parents do not have a right to appointed counsel in adoption proceedings in probate

court under the Equal Protection Clauses of the federal and state constitutions. Accordingly, we sustain the first assignment of error to the extent it is premised on the Equal Protection Clauses, reverse the probate court's judgment, and remand for further proceedings consistent with this opinion. This decision renders moot Father's due process argument and his second assignment of error in which he contends that the probate court erred when it found his consent was not required for the adoption, so we do not address those matters. *See* App.R. 12(A)(1)(c).

JUDGMENT REVERSED<br>AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas, Probate Division to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
        Michael D. Hess, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**