DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division.
The proceedings began on August 16, 2000, when appellant, Robbin C., filed a pro se motion seeking custody of his nine-year-old daughter, Robbyn J., who lived with her mother, appellee, Sabrina J. Appellant alleged in his motion that there was a known abuser in his daughter's home, and that his daughter had suffered verbal and emotional abuse. According to the case docket, appellant filed several other motions on the same day he filed his custody action, including motions for a pretrial conference and an in camera interview, and motions to dismiss Magistrate Parish and to appoint a guardian ad litem. The magistrate denied all of appellant's motions, except for his request for an in camera interview of the child and appointment of a guardian ad litem for the child.
The court scheduled a hearing for October 16, 2000. Counsel for appellee and a guardian ad litem were present at the hearing, and appellant, believing it was a pretrial hearing, requested that the court appoint him counsel. The magistrate denied this request and proceeded with trial. Appellant testified that he had taken his daughter to a rescue crisis facility after she threatened suicide. Appellant stated that he wanted to provide counseling for his daughter which her mother was not providing. However, appellant did not testify as to the specifics of the alleged abuse, except to say that appellee's boyfriend had driven around with Robbyn J. with music blaring in his vehicle. After hearing testimony from appellant, appellee, and the guardian ad litem, the magistrate found that the child should remain in her mother's custody, with appellant retaining visitation rights.
Appellant filed objections to the magistrate's decision. On November 3, 2000, the court issued an order denying the objections and motions without further hearing. Appellant filed a notice of appeal with this court November 28, 2000. Appellant's previous appointed counsel submitted a motion to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In that proceeding, this court extended Anders to custody cases in juvenile proceedings where counsel has been appointed pursuant to Juv.R. 4(A) and R.C. 2151.352, and granted counsel's motion to withdraw. However, we found two arguable issues, namely whether appellant and his daughter should have been appointed counsel and whether appellant received proper notice of trial.
Newly appointed counsel for appellant has raised the following assignment of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL WAS TAINTED BY INADEQUACY OF NOTICE TO APPELLANT, AND BY REFUSAL TO APPOINT AN ATTORNEY TO REPRESENT HIM."
According to the trial transcript, appellant requested appointment of counsel at the beginning of his hearing on October 16, 2000. Counsel for appellee objected, stating that appellant had been appointed counsel twice before, and that it was getting "very costly" for appellee to take off work and appear in court. The following exchange then took place:
 "THE COURT: Okay. Sir, if you had other court appointed counsel in this case I really am not sure that I should go ahead and appoint another one and plus, you knew ahead of time that the hearing was scheduled for today and —
"MR. C.: I understood it was to be a pretrial, Sir.
 "THE COURT: Well I think you may have misunderstood that. It's set for a hearing and it really is hard for you to come in and — on the * * * day of the hearing and bring that up. That's really something that if you would have addressed it ahead of time maybe I could have been more helpful. Well at this point it's your request for custody so why don't I swear you in and let you tell me what your case is. * * *"
According to the magistrate's report and judgment entry, appellant was not appointed counsel because his request was not timely filed. However, the magistrate noted in his report, as did appellant in his brief, that appellant had been appointed counsel twice before, and the attorneys had withdrawn apparently because appellant was not satisfied with their performance. The magistrate and appellant appear to be referring to previous custody actions appellant filed. According to the docket, prior to the current action, appellant filed motions to modify custody on February 13, 1998; July 14, 1998; and May 19, 1999. These were separate proceedings, and as such should have no bearing on appointment of counsel in the current action.
Appointment of counsel in a juvenile custody proceeding is addressed both in the Rules of Juvenile Procedure as well as the Ohio Revised Code.
Juv.R. 4(A) provides:
 "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute." (Emphasis added.)
Juv.R. 29(B) states in pertinent part:
 "(B) At the beginning of the hearing, the court shall do all of the following:
 "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 "(4) Appoint counsel for any unrepresented party under Juv. R. 4(A) who does not waive the right to counsel;"
At the time of this case, R.C. 2151.352 set out in pertinent part:
"A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stagesof the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person. The court may continue the case to enable a party to obtain counsel or to be represented by the county public defender or the joint county public defender and shallprovide counsel upon request pursuant to Chapter 120. of the Revised Code. Counsel must be provided for a child not represented by hisparent, guardian, or custodian. * * *" (Emphasis added.)
Furthermore, the Ohio Supreme Court has held that "[U]nder the plain language of R.C. 2151.352, indigent children, parents, custodians, or other persons in loco parentis are entitled to appointed counsel in all juvenile proceedings." Asberry v. Payne (1998), 82 Ohio St.3d 44, 48. The court went on to note that the right to appointed counsel under R.C.2151.352 is not limited to proceedings specified in R.C. 120.16(A). Id. at 48.
Appellant and his daughter were entitled to appointment of counsel pursuant to Juv.R. 4(A), Juv.R. 29(B), and R.C. 2151.352. However, this court notes, as appellant's counsel noted in her brief, that under the current system of law there is the possibility of an unending succession of appointed and discharged attorneys in this case, which we strongly discourage.
Appellant's counsel argues that appellant's daughter was not entitled to appointment of counsel because the daughter's wishes regarding with whom she wanted to live did not conflict with her guardian ad litem's ("GAL") recommendation. Appellant cites to R.C. 2151.281 and Juv.R. 4(A) in support of this assertion.
However, an appointment to act as GAL does not constitute an appointment to act as a child's attorney without an express appointment to act as such. In re Duncan/Walker Children (1996), 109 Ohio App.3d 841,844-845. R.C. 2151.281(H) and Juv.R. 4(C)(1) state that if the GAL for an alleged abused child is a licensed attorney in the state of Ohio, the court may also appoint the GAL to serve as counsel for that child. However, the roles of an attorney and a GAL are different. In re BabyGirl Baxter (1985), 17 Ohio St.3d 229, 232. The GAL investigates the child's situation and asks the court to do what is in the child's best interest, whereas the attorney has an ethical duty to zealously represent the child within the bounds of the law. In re Stacy S. (1999),136 Ohio App.3d 503, 514. Therefore, for an attorney to act in both capacities, a court must expressly make the dual appointment and enter a finding that no conflict exists. Id. Should the same individual act as both GAL and attorney, it is then appropriate to examine any conflict between the GAL's recommendation and the child's wishes.
The record in this case does not contain evidence of a dual appointment. According to a judgment entry dated August 18, 1999, Johnny Jones was appointed GAL for Robyn J. No mention is made on that document of Jones acting as the child's attorney. Furthermore, documents bearing the signature of the GAL, such as the reports and recommendations, do not indicate an attorney number. Therefore, it appears that Jones did not represent the child as her attorney.
We further note that the record in this case is unclear as to exactly what notice appellant was sent regarding the fact that October 16, 2000 was the date of his trial, rather than a pretrial hearing. Since the trial court proceeded with trial, Juv.R. 29, governing adjudicatory hearings, applied. Juv.R. 29(B)(1) instructs the court to "[a]scertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance" at the beginning of the hearing. The trial court in this case did not comply with Juv.R. 29(B).
Based on the foregoing, appellant's assignment of error is well-taken. On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division is reversed and remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
Peter M. Handwork, J., Melvin L. Resnick, J. and Mark L. Pietrykowski, P.J. CONCUR.