DECISION AND JUDGMENT ENTRY
{¶ 1} Cecil Ackison appeals the judgment of the Lawrence County Court of Common Pleas, Juvenile Division, which granted legal custody of A.S. (born 8-21-95) to Keeli McCallister (cousin of A.S.). On appeal, Ackison contends that the trial court's "best interest" finding was against the manifest weight of the evidence. Because competent, credible evidence supports the trial court's finding, we disagree. Ackison next contends that the trial court erred when it refused to appoint an attorney to represent A.S. Because the trial court exercised its jurisdiction pursuant to R.C. 2151.23(A)(2), we find that neither R.C. 2151.352 nor Juv. R. 4 required the trial court to appoint an attorney to represent A.S. Ackison next contends that the trial court committed prejudicial error when it held the custody hearing over widely separated days. Because Ackison failed to *Page 2 
raise an objection on this issue in the trial court, we will not address it for the first time on appeal. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Dottie Nelson and Ackison lived together. In 2000, Nelson filed a complaint in the juvenile court for custody of A.S. (her niece). The court found A.S.'s mother and father unsuitable and granted legal custody of A.S. to Nelson.
 {¶ 3} On March 3, 2006, Ackison (who is not related to A.S.) filed a motion to intervene in the case and a motion for emergency temporary custody of A.S. He alleged that Nelson could no longer care for A.S. on a daily basis. The court granted the motions and gave Ackison temporary custody of A.S. the same day. Nelson died shortly thereafter.
 {¶ 4} On October 31, 2006, McCallister (A.S.'s cousin) filed a petition for custody of A.S. She had never interacted with A.S.
 {¶ 5} The court appointed attorney Courtney Walters as guardian ad litem ("GAL") of A.S. The entry of the appointment did not indicate that Walters would represent A.S. as an attorney, only as GAL. Nevertheless, Walters later moved the court to appoint separate counsel for A.S. because her GAL recommendation was probably going to be contrary to what A.S. wanted.
 {¶ 6} Ackison's and McCallister's separate requests for custody of A.S. came on for final hearing in 2007 on February 6, March 20, June 18, and August 3.
 A. Evidence at Hearing Supporting Ackison *Page 3 {¶ 7} At the hearing, Ackison presented evidence that showed: (1) A.S. wanted to continue to live with him; (2) A.S. has bonded with him over the years, and thus, he is A.S.'s psychological father; (3) while he has had temporary custody, A.S. has good school attendance; (4) he tried to help A.S. with her school work problems and contacted people at school for assistance; (5) if A.S. continued to live with him, she would not have to leave her friends and school; (6) he has A.S. in counseling because of a mood disorder (likely depression); (7) his home is adequate to continue to care for A.S.; (8) until McCallister filed a petition for custody, she had not been an part of A.S.'s life; and (9) he has the time to look after A.S.'s needs because he does not work.
 B. Evidence at Hearing Supporting McCallister {¶ 8} At the same hearing, McCallister presented evidence that showed: (1) she is related by blood to A.S (paternal first cousin).; (2) A.S. is rapidly bonding (in a positive way) with her and her husband; (3) because she and her husband are college graduates, they see the importance of education and will help A.S. overcome her problems in school (teachers testified that A.S. has the ability to earn better grades but lacks initiative to do her home work); (4) she has introduced A.S. to children her age in Winchester, Kentucky so that she will have a smooth transition; (5) unlike Ackison, who tried to limit their visitation with A.S., she would facilitate any visitation order rendered; (6) she and her husband work and can financially care for A.S.; (7) she has an adequate home for A.S. to live with them; and (8) the GAL recommended that she have custody.
 C. Decision and Appeal *Page 4 {¶ 9} The magistrate made its findings and found that: (1) the biological parents were not suitable to have custody of A.S.; (2) the best interest of the child is that McCallister have custody; and (3) naming McCallister the legal custodian outweighs any detriment A.S. might suffer by leaving Ackison's home.
 {¶ 10} Ackison filed numerous objections. The trial court overruled the objections and adopted the magistrate's findings and recommendation.
 {¶ 11} Ackison appeals the trial court's decision and asserts the following three assignments of error: I. "THE TRIAL COURT'S GRANTING OF CUSTODY TO APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED." II. "THE MAGISTRATE AND TRIAL COURT ERRED IN REFUSING TO APPOINT COUNSEL FOR THE MINOR CHILD." And, III. "THE MAGISTRATE AND TRIAL COURT ERRED IN HOLDING THE FINAL HEARING ON CUSTODY ON WIDELY SEPARATED DAYS, TO THE PREJUDICE OF APPELLANT."
 II. {¶ 12} A trial court enjoys broad discretion in custody proceedings.Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. This is due, in part, to the fact that "custody issues are some of the most difficult and agonizing decisions a trial judge must make." Id. at 418. We will not disturb a trial court's custody determination unless the court abused its discretion. Miller v.Miller (1988), 37 Ohio St.3d 71, 74. An "abuse of discretion" connotes that the court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore v. *Page 6 Blakemore (1983), 5 Ohio St.3d 217, 219; Booth v. Booth (1989),44 Ohio St.3d 142, 144.
 {¶ 13} The juvenile court has exclusive original jurisdiction under the Revised Code * * * to determine the custody of any child not a ward of another court of this state[.]" R.C. 2151.23(A)(2). "The juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04, 3127.01 to 3127.53, and 5103.20 to5103.22 of the Revised Code." R.C. 2151.23(F)(1).
 {¶ 14} R.C. 3109.04(E)(1)(a) requires that the trial court make three findings before it can modify custody: (1) a change of circumstances has occurred since the last decision, (2) modification is necessary to serve the best interest of the child, and (3) the advantages of modification outweigh the potential harm. McClead v. McClead, Washington App. No. 06CA67, 2007-Ohio-4624, ¶ 20. In addition, when a court awards custody to a non-parent, the court must find that the parent or parents are unsuitable. In re Perales (1977), 52 Ohio St.2d 89, syllabus.
 {¶ 15} Here, the parties do not challenge on appeal the fact that a change of circumstances occurred because of custodian Nelson's death. In addition, although the court made an "unsuitability" finding as required by In re Perales, the parties do not challenge that issue as well.
 {¶ 16} The crux of Ackison's contention is that the court's "best interest" finding is against the manifest weight of the evidence.
 {¶ 17} R.C. 3109.04(F)(1) provides,
 In determining the best interest of a child * * *, the court shall consider all relevant factors, including, but not limited to: *Page 6 
 (a) The wishes of the child's parents regarding the child's care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; *Page 7 
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
{¶ 18} We will not reverse the judgment of the trial court when some competent, credible evidence supports the trial court's findings. Inre Marano, Athens App. No. 04CA30, 2004-Ohio-6826, ¶ 12. As such, we must determine if competent, credible evidence supports the trial court's "best interest" finding.
 {¶ 19} At trial, the parties introduced into evidence the following competent, credible evidence regarding the "best interest" factors:
 Factor (b): The child wanted to continue to live with Ackison.
 Factor (c): The child interacted well with Ackison and the McCallisters. However, Ackison's current paramour never testified. His paramour occasionally sleeps over.
 Factor (d): The child has adjusted to her home with Ackison, school, and community because she has lived with Ackison since she was 2 or 3 years old. However, the McCallisters have prepared the child for a move to their home, school, and community by introducing her to children of a similar age when they have her for visitation.
 Factor (e): Ackison is disabled. He has a limited education but did graduate from high school in special education. The McCallisters, both college graduates, are in good mental and physical health. The child is in counseling for a mood disorder (likely depression).
 Factor (f): Ackison tried to limit the visitation order in place with the McCallisters. They would travel for hours to pick up the child only to be told by Ackison that they could not have visitation. The McCallisters tried to facilitate visitation.
 Factor (j): Ackison has an adequate home in state. The McCallisters have an adequate home but it is outside this state.
 Other factors: The McCallisters see the value of education. The child has problems in school since the court awarded Ackison with temporary custody (since the death of Nelson). The teachers testified that she can earn better grades but lacks initiative to do her home work. The teachers pointed out that she passed her *Page 8 
proficiency tests, which shows that she can get better grades. Ackison, although he tries, is mentally challenged to help her. The McCa llisters can help her with her homework and her lack of initiative. In addition, financially, the McCallisters can provide the child with a future education.
 {¶ 20} Here, the trial court was presented with two options. The trial court, after weighing the evidence and considering the credibility of the witnesses, simply thought that the option of A.S. living with McCallister was the better choice, i.e., in A.S.'s best interest. That is its province.
 {¶ 21} As such, we find that competent, credible evidence supports the trial court's "best interest" finding. A.S. interacts well with the McCallisters. The McCallisters have prepared A.S. for the move to Kentucky by introducing her to children of similar age in their community. The McCallisters have the financial resources to see that A.S. continues in counseling for her mood disorder. The McCallisters will facilitate visitation with Ackison according to the visitation order. The McCallisters home is adequate to house A.S. And, the McCallisters are in the best position to help A.S. overcome her education problems.
 {¶ 22} In addition, this same competent, credible evidence supports the trial court's finding that the advantages of A.S. going to McCallister's home in Kentucky outweigh the detriment she might suffer from leaving Ackison's home.
 {¶ 23} Therefore, we find that the trial court did not abuse its discretion when it granted McCallister's petition for legal custody of A.S.
 {¶ 24} Accordingly, we overrule Ackison's first assignment of error.
 III. *Page 9 {¶ 25} Ackison contends in his second assignment of error that the trial court erred by denying requests for the appointment of counsel for A.S. To answer this legal question, we conduct a de novo review. See, e.g., Yazdani-Isfehani v. Yazdani-Isfehani, 170 Ohio App.3d 1,2006-Ohio-7105, ¶ 20.
 {¶ 26} "A child * * * is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employcounsel, the party is entitled to have counsel provided for the personpursuant to Chapter 120. of the Revised Code except in civil matters inwhich the juvenile court is exercising jurisdiction pursuant todivision (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of theRevised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel, to be represented by the county public defender or the joint county public defender, or to be appointed counsel upon request pursuant to Chapter 120. of the Revised Code. Counsel must be provided for achild not represented by the child's parent, guardian, orcustodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them." (Emphasis added.) R.C. 2151.352.
 {¶ 27} "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a *Page 10 
party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construedto provide for a right to appointed counsel in cases in which that rightis not otherwise provided for by constitution or statute." (Emphasis added.) Juv. R. 4.
 {¶ 28} Here, we find that A.S. was not entitled to appointed counsel because the court exercised its jurisdiction under R.C. 2151.23(A)(2). R.C. 2151.352 provides that a child (as a party) is entitled to appointed counsel except if the court is exercising its jurisdiction, inter alia, under R.C. 2151.23(A)(2).[1] Further, because the constitution, R.C. 2151.352, and no other statute provides for the child's right to appointed counsel, we cannot construe Juv. R. 4 "to provide for a right to appointed counsel.
 {¶ 29} We acknowledge that R.C. 2151.352 provides that "[c]ounsel must be provided for a child not represented by the child's parent, guardian, or custodian. However, the Supreme Court of Ohio has stated, "The word `represent' in the fifth sentence of R.C. 2151.352 means to counsel or advise the juvenile in a delinquency proceeding." In re C.S.,115 Ohio St.3d 267, 2007-Ohio-4919, paragraph one of the syllabus.
 {¶ 30} Here, A.S. is not a delinquent child. In addition, at the time of the hearing, Ackison was her custodian. Ackison's and A.S.'s wishes were not in *Page 11 
conflict. Ackison had an attorney. His attorney's actions were consistent with A.S.'s interests. At one point, his attorney assisted A.S. by requesting the court to appoint counsel for her.
 {¶ 31} The GAL asked the court to appoint an attorney for A.S. because her recommendation to the court was probably going to conflict with A.S.'s wishes. Juv. R. 4(C)(2) states, "If a person is serving as guardian ad litem and as attorney for a ward and either that person or the court finds a conflict between the responsibilities of the role of attorney and that of guardian ad litem, the court shall appoint another person as guardian ad litem for the ward." However, the court only appointed the attorney as a GAL; it did not appoint the GAL to also act as the attorney for A.S. Therefore, Juv. R. 4(C)(2) does not apply.
 {¶ 32} Accordingly, we overrule Ackison's second assignment of error.
 IV. {¶ 33} Ackison contends in his third assignment of error that the trial court erred when it held the custody hearing over "widely separated days[.]"
 {¶ 34} While we do not condone spreading a hearing out over several months (see In re C.R., 108 Ohio St.3d 369, 2006-Ohio-1191, ¶ 6), Ackison never raised this objection in the trial court. Because the trial court never had a chance to address it, we have nothing to review. As such, we find that Ackison waived his right to raise this issue for the first time on appeal.
 {¶ 35} Accordingly, we overrule Ackison's third assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] We acknowledge that State ex rel. Asberry v. Payne,82 Ohio St.3d 44, 1998-Ohio-596, required a trial court to appoint counsel in a similar situation. However, after Payne, the legislature amended R.C. 2151.352, which now limits the right to counsel at government expense. See House Bill 66. *Page 1